WILLIAM H. JONES, JAMES B. WELLS, JOHN CHAIN, JONAS A. CASTALINE, PHILIP C. PAUL, WILLIAM R. ROBERTS AND JAMES W. BYRNE, PLAINTIFFS IN ERROR, v. THOMAS M. LEAGUE.

Formerly, it was held, in some of the circuit courts, that the averment of citizenship in a different State from the one in which the suit was brought, and which it is necessary to make in order to give jurisdiction to the federal courts, must be proved on the general issue. But the rule now is, that if the defendant disputes the allegation of citizenship which is made in the declaration, he must so plead in abatement.

The change of citizenship from one State to another must be made with a *bonâ fide* intention of becoming a citizen of the State to which the party removes.

It was not such a *bonâ fide* change where the plaintiff only made a short absence, and it appeared from the deed under which he claimed that he was in fact prosecuting the suit for the benefit of his grantor, (who could not sue,) receiving a portion of the land recovered as an equivalent for paying one third of the costs and superintending the prosecution of the suit.

In such a case, the federal court has no jurisdiction.

THIS case was brought up, by writ of error, from the district court of the United States for the district of Texas.

It was an action of trespass to try title brought by League against Jones and the other plaintiffs in error. League averred himself to be a citizen of Maryland, in his original petition, or declaration, and claimed title to a tract of land in the county of Refugio, on St. Joseph's Island, in the State of Texas.

League claimed under a deed made to him on the 11th of May, 1850, by one John Power, a citizen of Texas, acting for himself and Hewetson and the representatives of Walker. This deed contained the following trust, namely : —

That League would commence the necessary suits to try title ; that if decided adversely, he would carry the cases to the supreme court of the United States ; that when the litigation should be finally determined, he would convey two thirds of the lands recovered to the grantors ; that League should pay one third of the expenses of litigation heretofore incurred, and all costs and expenses for the future ; that League might make sales and divide the proceeds in the proportion of one third to himself and two thirds to the grantors, &c., &c.

The defendants pleaded four pleas in abatement to the jurisdiction of the court. The first plea set forth the substance of the above deed, and then alleged that Power was, at the time of the commencement of the suit, a citizen of Texas ; that League was also a citizen of Texas, but went to Maryland for the purpose of setting up a pretence of being a citizen of that State, and after remaining less than four months in Maryland, he returned to Texas : that it was a fraudulent device to enable him to bring the suits which Power could not have brought, &c.

The second and third pleas need not be noticed, as no question arose upon them in this court. The fourth alleged that, at the time of the commencement of the suit, League was a citizen of the State of Texas.

With respect to the first plea, the plaintiff demurred to it; and the demurrer was sustained by the court. On the fourth plea, the plaintiff took issue upon it; and a trial was had, which resulted, under the instructions of the court, which will presently be mentioned, in a verdict of the jury for the plaintiff. In order to understand the instructions, it is necessary to say that it was

admitted of record by the plaintiff, for the purposes of the trial, that he was a citizen of the Republic of Texas from 1838 up to the time of annexation of the United States; that he remained domiciled in the State of Texas; and that he was a citizen of the State of Texas, on the first day of July, A. D. 1850; and he waived the necessity of proving the above facts.

And thereupon the court instructed the jury, that it is incumbent on the defendants on the issue made to show that the said plaintiff was a citizen of the State of Texas at the time of filing the petition in this cause; that the admission made by the plaintiff as above stated was, in law, presumptive proof that, at the time of filing the petition, the said plaintiff was a citizen of the State of Texas; but that on the other hand the allegation in the petition, that the plaintiff was, at the time of filing the same, a citizen of the State of Maryland was *primâ facie*, or presumptive proof that he was, as alleged, a citizen of the said State of Maryland at that time: That these two contradictory presumptions, one arising from the plaintiff's admission, the other from the allegation in his petition, were equivalent in weight, and counterbalanced or destroyed each other: And that if there was no other testimony beside the admissions of the plaintiff adduced on the part of the defendants to show that the said plaintiff was, at the time of filing the petition, a citizen of the State of Texas, the jury would on this point find for the plaintiff; to each and every part of which charge (except the first and second clauses thereof, to wit: That the burden of proof was upon the defendants, and that the plaintiff's admissions was presumptive proof of his being a citizen of Texas at the date of filing the petition) the said defendants by their counsel excepted; and tender this their first bill of exceptions, which they pray may be signed, sealed, and made a part of the record in this cause, and the same is now done accordingly.

[SEAL.]            JOHN C. WATROUS.

January 28, 1854.

Other exceptions were taken in the progress of the trial, but it is not necessary to notice them.

The case was argued by *Mr. Hale*, for the plaintiffs in error, and *Mr. Hughes*, for the defendant. All other points are omitted except the one relating to jurisdiction. This point was stated by *Mr. Hale* as follows:—

The judicial power vested by the constitution extends to controversies—not merely suits—between citizens of different States; and in determining the limits of this power, we are to look to things, not names. McNutt *v.* Bland, 2 How. 9. The

true rule as to the matters presented by the plea, is well settled to be that, when a conveyance is made for a valuable consideration, by a citizen of one State to a citizen of another State, it is effective to give the right to sue, although the principal motive, which influenced both parties, may have been a desire to give jurisdiction to courts of the United States; Smith *v.* Kernochen, 7 How. 215–217; McDonald *v.* Smalley, 1 Pet. 623. But the converse is equally true, that when no valuable consideration passes, and the grantee receives the legal title for the avowed purpose of giving jurisdiction to courts of the United States, while the real party in interest remains a citizen of the same State as the defendants, then, the court will not permit such a fraud upon the laws and the policy of the government, but will look into the transaction, on a plea in abatement, and ascertain the real party to the suit, without regard to the form of the conveyance, or of the action. Maxfield's Lessee *v.* Levy, 2 Dall. 381; S. C. 4 Dall. 330; Hurst's Lessee *v.* Neil, 1 Wash. C. C. R. 70–81; Smith *v.* Kernochen, 7 How. 215–217.

*Mr. Hughes* contended that the court had jurisdiction by the averments of the petition; and the plea made the deed part of the plea, by which deed it was shown that League took the estate for a valuable consideration; that the instruction of the court was correct, because as this court had established the rule in 14 How. 510, that the averment of citizenship in the petition is *primâ facie* evidence of the fact averred, which defendant must remove by proof, it necessarily followed that the two presumptions counteracted each other, and the jury were constrained to find that the plaintiff was a citizen of Maryland at the commencement of the action, 9 Wheat. 537.

Mr. Justice McLEAN delivered the opinion of the court.

This is a writ of error to the district court of the United States of the district of Texas.

The plaintiff filed his petition in the district court, alleging that he was seized in fee of a certain tract of land in the county of Refugio, on St. Joseph's island, in the State of Texas; beginning, on said island, at the point nearest the Aransas bar; thence in a northeasterly direction with the sea-shore to the inlet from the sea into the bay; thence north forty-five degrees west to the shore of the bay or lagoon; thence, with the meanders of the bay, to the place of beginning, containing three and one-half leagues, be the same more or less. That the defendants entered the same by force and ejected the plaintiff.

And the petition further represents, that the plaintiff having possession of several other tracts of lands of which he was

seized, the defendants forcibly entered and dispossessed him, &c.; and the petitioner prayed that after due trial, according to the forms of law, he may have judgment for his damages aforesaid, for the recovery of the lands aforesaid.

The defendants plead that the court ought not to take further cognizance of the action of the plaintiff, because they say that the plaintiff claims title under and through a pretended indenture, purporting to be made and entered into on the 11th of May, 1850, by a certain John Power, of the county of Refugio, and State of Texas, a certain James Hewetson, of the State of Coahuila, and Republic of Mexico, by his attorney in fact, James Power; and the said James Power, acting for and in behalf of the representatives of Duncan S. Walker, deceased, of the one part, and Thomas M. League, of the city of Galveston, and State of Texas aforesaid, of the other part, but really, and in law and fact, only by the said James Power, of the one part, and the plaintiff, of the other part; which said indenture purported to convey from James Power unto the plaintiff, his heirs and assigns forever, the said tracts and parcels of land described in the petition, and which the plaintiff seeks to recover in this action.

The said conveyance being made to the plaintiff in trust, for the following purposes: that the said League should commence all such suit, or suits, as might be necessary to settle the title to said lands, in the district court, and, should a decision be made adversely in said court, that he would prosecute a writ of error or appeal to the supreme court of the United States; and when the litigation was finally determined, the said League would convey two-thirds of the land recovered, in which the title should be settled, to said Power and Hewetson, and the representatives of the said Walker, and their heirs and assigns; and, until such conveyances were made, should hold said lands for the benefit of said parties; and the plaintiff agreed to pay one-third of the expense of litigation, and the expense before that time incurred, which it was agreed amounted to one thousand dollars.

And the defendants allege, that the said Power, at the time of the conveyance, and for years before and ever since, has been a citizen of Texas; and that the said plaintiff has resided in the State of Texas for twelve years, and is a citizen of that State. That before commencing suit he went to Maryland and other States, and remained absent about four months, and on his return brought this suit as a citizen of Maryland; and that the said conveyance, was colorable, and was made to give jurisdiction to the courts of the United States.

Three other pleas were filed representing that the conveyance

was made by Power, a citizen of Texas, and who is the real plaintiff in the case, to give jurisdiction to the federal courts, and that League is a nominal plaintiff.

The plaintiff admits, for the purposes of this cause, that the only legal title which he claims to have to the several tracts of land in his petition described, is that conveyed to him by James Power, of the State of Texas.

A demurrer was filed to the first plea, and issues joined as to the others.

At an early period of this court, it was held in some of the circuit courts, that the averment of citizenship, to give jurisdiction, must be proved on the general issue. And as a consequence of this view, if at any stage of the cause it appeared that the plaintiff's averment of citizenship was not true, he failed in his suit. But it is now held, and has been so held for many years, that if the defendant disputes the allegation of citizenship in the declaration, he must plead the fact in abatement of the suit ; and that this must be done in the order of pleading, as at common law.

In this case, jurisdiction is claimed by the citizenship of the parties. The plaintiff avers that he is a citizen of Maryland, and that the defendants are citizens of Texas.

In one of the pleas, it is averred that the plaintiff lived in Texas twelve years and upwards, and that, for the purpose of bringing this suit, he went to the State of Maryland, and was absent from Texas about four months.

The change of citizenship, even for the purpose of bringing a suit in the federal court, must be with the *bonâ fide* intention of becoming a citizen of the State to which the party removes. Nothing short of this can give him a right to sue in the federal courts, held in the State from whence he removed. If League was not a citizen of Maryland, his short absence in that State, without a *bonâ fide* intention of changing his citizenship, could give him no right to prosecute this suit.

But it very clearly appears from the deed of conveyance to the plaintiff, by Power, that it was only colorable, as the suit was to be prosecuted for the benefit of the grantor, and the one-third of the lands to be received by the plaintiff was in consideration that he should pay one-third of the costs, and superintend the prosecution of the suit. The owner of a tract of land may convey it in order that the title may be tried in the federal courts, but the conveyance must be made *bonâ fide*, so that the prosecution of the suit shall not be for his benefit.

The judgment of the district court is reversed, for want of jurisdiction in that court.