## WIDOW AND HEIRS OF ROBERT FORD *v.* H. P. MORANCY.

The decisions of the Register and Receiver of the Land Office, and other federal tribunals, on questions involving the conflict of titles emanating from the federal government, are not subject to the revision of State Courts.

The courts can look behind a patent, but not in all cases ; and the general rule, that nothing perfects the title to public lands, but a patent, is not without exceptions ; it has been held, that where an equitable right originated before the date of the patent, whether by the first entry or otherwise, and was asserted, such right might be examined into.

APPEAL from the District Court of the Parish of Madison, *Farrar*, J. *Parham & Snyder*, for plaintiffs and appellants. *Edward Sparrow*, for defendant.

VOORHIES, J. The widow and heirs of *Robert Ford*, deceased, claim, as front proprietors on the Mississippi, a tract of land measuring 329 superficial acres, and forming, as they contend, the back concession to which they were entitled under the provisions of the Act of Congress approved June 15th, 1832. They allege in their petition, that notwithstanding their claim, the defendant has obtained a patent from the United States, thereby preventing them from having their rights adjudicated upon by the Land Department of the Federal Government.

The defendant, *Morancy*, excepted to the jurisdiction of the court, on the ground that the question of title presented in this case, was a matter of which the federal tribunals had exclusive jurisdiction ; and that, in consequence of their award in his favor, which he pleads as *res judicata*, the plaintiff's demand should

FORD
v.
MORANCY.

be rejected.    The answer further sets up title to the land under the patent issued in his name.

It appears that in the years 1834 and 1835, *Ford* had applied at the Land Office at Ouachita, once in person, and afterwards through an agent, in order to enter this land as back concession; but that ultimately his application was rejected, on the ground that the official plat of survey showed that this land extended so far back as to cover good lands bordering on another water course. This matter being brought before the Receiver and Register of the Land Office, *Ford* offered, in that respect, to contradict the correctness of the official plat of survey returned to the office; but that tribunal ruled out the evidence and gave their award in favor of *Morancy*. *Ford* thereupon took an appeal to the Commissioner of the General Land Office and the Secretary of the Treasury, and during its pendency, *Morancy* instituted suit against him to be quieted in his title. On appeal to this court, *Morancy* was non-suited, on the ground that the question involved had been decided by the Register and Receiver, the competent tribunal in such cases, from whose decision an appeal was taken to the Commissioner; and that, as the parties had not a patent for the land, neither possessed such a title as could, under the circumstances, be declared valid by this court. The decisions of the Register and Receiver of the Land Office, and other federal tribunals, on questions involving the conflict of titles emanating from the Federal Government, are not subject to the revision of State courts. In the case at bar, their final award in favor of the defendant puts an end to the contest between him and the plaintiffs. 2 An. 301. Such being the case, it is unnecessary to notice the bill of exceptions touching the admissibility of parol evidence to contradict the official plat of survey returned to the Land Office.

This court, undoubtedly, can look behind a patent in order to determine the rights of the parties; but not in all cases. We have held that, however true as a general rule, that nothing passes a perfect title to public lands but a patent, this rule was not without exceptions; and that, where an equitable right originated before the date of the patent, whether by the first entry or otherwise, and was asserted, such right might be examined. 10 An. 182, 18 How. 87. But in the case at bar, there is no title, not even an inchoate one, exhibited by the plaintiffs; and there is no privity of interest between them and the defendant. The application made by *Ford* at the land office, and the offer to deposit the amount of the purchase money, did not confer any right to the land. The action of the tribunals, whose peculiar province it is to settle such questions, must be considered significant in this instance; for they held, not only that the defendant's entry was valid, but that the plaintiffs could in no event make good their claim, unless by having the error complained of previously corrected, in order not to prejudice third persons who might in the meantime acquire *bona fide* rights.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed; and that the plaintiffs' demand be rejected with costs in both courts.

MERRICK, C. J., dissenting. The decision of the officers of the land department does not conclude, and was not intended to conclude these parties; *for the patent had issued previously* to the contest before them, and the executive was, in the language of Secretary Spencer, *functus officio*. He properly remarks, " If the original sale was invalid and the patent void, the claimants have their remedy at law, or if difficulties exist in the pursuit of such remedy, the power of Congress can be invoked. The Executive cannot invalidate its own previous acts by grant-

ing new patents." It was not known to the parties, when the case of *Morancy* v. *Ford* was tried in this court, that the patent had actually issued, and the court was not aware that any obstacle existed which would prevent a decision in the land department upon the merits of the controversy.

<span style="float:right">FORD<br>*v.*<br>MORANCY.</span>

The facts of the present case bring it clearly within the principles decided by the Supreme Court of the United States in the case of *Surgett* v. *Lapice*, 8 Howard, 48 ; and the same equity exists in favor of the plaintiffs, which existed in that case in favor of *Surgett ;* for the township maps show that no other water course, as defined by the Supreme Court of the United States, interfered with the back concessions.

The appellant does not complain of the manner in which the survey has been ordered, and I can see no good reason why we should not follow the decision in the case of *Surgett* v. *Lapice*, which is an authoritative exposition of the law on the subject. I am of the opinion that the judgment of the lower court should be affirmed.

COLE, J. I concur with C. J. MERRICK.