## In re Groome.

*(District Court, W. D. Pennsylvania.* March 20, 1880.)

BANKRUPTCY—SCHEDULE CREDITOR—FAILURE TO RECEIVE NOTICE OF ADJUDICATION—RETURN OF SERVICE UPON THE WARRANT IN BANKRUPTCY.—An adjudication in bankruptcy will not be set aside more than one year and nine months after the filing of the bankrupt's petition, upon the application of a schedule creditor, on the ground that such creditor had not received notice of the adjudication, and, as far as he was able to learn, no such notice had been mailed or otherwise sent to him, in the absence of an averment of want of actual knowledge of such adjudication at or near the date thereof, where the return of the marshal to the warrant in bankruptcy showed due service of the notice of adjudication upon the moving creditor.

SAME—ALLEGATION OF RESIDENCE—AMENDMENT.—The averment of such moving creditor that, at the time of the filing of the petition in bankruptcy and at the time of the said adjudication, the bankrupt was not a resident of or doing business in the judicial district where the bankruptcy proceedings were instituted, does not traverse the allegation of the petitioning bankrupt that he has carried on business in said judicial district for the six months next immediately preceding the filing of his petition, nor will such creditor be permitted to amend his petition in this respect.

SAME—EXAMINATION OF BANKRUPT—CREDITOR WITH PROVABLE DEBT.—A creditor who has a provable debt has a right to examine the bankrupt, upon an application for a discharge, although such debt has not been in fact proved.

In Bankruptcy. *Sur* rule upon petition of William T. Carter to show cause why the adjudication in bankruptcy should not be set aside, etc.

ACHESON, J. On the ninth day of February, 1880, William T. Carter, a creditor of Samuel W. Groome, the bankrupt, presented his petition, in which, after averring that it was the duty of the said Groome to cause notice of his adjudication in bankruptcy to be served on the petitioner through the marshal, he alleges that "no such notice, however, was

received by the petitioner, nor, as far as he has been able to learn, was any such mailed or otherwise sent to him, although the residence of the petitioner was well known to said Samuel W. Groome at and before the presentation of the said Groome's petition in bankruptcy." The petition then proceeds in these words: "Your petitioner further shows that at the time of the filing of the said petition in bankruptcy, and at the time of the adjudication aforesaid, the said Samuel W. Groome was not a resident of or doing business in the western district of Pennsylvania, but was residing, and had a long time prior thereto resided, at Philadelphia, in the eastern district, and carried on any business in which he may have been engaged in that city. Your petitioner, therefore, is advised and avers that the presentation of said petition in bankruptcy and the adjudication thereon were irregular and void, inasmuch as this honorable court had no jurisdiction to take cognizance of said petition, for the reason that the said petitioner was neither a resident of nor carrying on business in the district in which the same was presented."

The prayer of the petition is that the said adjudication may be declared null and void, and wholly vacated and set aside.

Upon the presentation of this petition a rule was obtained upon the bankrupt to show cause why the prayer thereof should not be granted. At the return of the rule on March 6, 1880, the bankrupt filed an answer, and at the same time moved the court to dismiss Carter's petition, which motion was argued by the counsel of the respective parties. Other motions were made and argued at the same time, but the motion to dismiss Mr. Carter's petition is to be first considered and disposed of.

Samuel W. Groome filed his petition in bankruptcy on the twenty-seventh day of April, 1878. He therein states his residence to be the city of Philadelphia, but alleges that he has carried on business in the western district of Pennsylvania, at Williamsport, for six months next immediately preceding the filing of his petition. Upon the face of the petition

appear all the averments necessary to give this court jurisdiction, and, accordingly, the petitioner was adjudged a bankrupt May 2, 1878. In his schedule of creditors, which contains the names of 35 in all, the name of Wm. T. Carter appears as a creditor, to the amount of $86,390.32, and his place of residence is there stated to be Philadelphia, Pa.

The marshal's return to the warrant in bankruptcy shows due service upon Carter of notice of the adjudication, and that the first meeting of creditors to prove their debts and choose an assignee was called for June 19, 1878, at Williamsport.

The creditors having elected H. H. McCormick assignee, an assignment of the bankrupt's estate was executed to him June 22, 1878. On January 30, 1880, upon the bankrupt's petition for his discharge, the usual order was made referring the case to Register Smith, and fixing the hearing to show cause, etc., for February 28, 1880. At this meeting, Mr. Carter's counsel, George T. Bispham, Esq., appeared before the register and demanded permission to examine the bankrupt, who was also present. The bankrupt declining to submit to such examination, the register, at the request of Mr. Bispham, continued the meeting until March 30, 1880. Mr. Carter has not proved his debt against the estate of the bankrupt.

The facts above recited are all matters of record, and a statement of them is necessary to indicate the present *status* of the case, and to show the propriety of the action of the court in respect to Mr. Carter's petition.

As already observed, upon the face of Groome's petition this court had undoubted jurisdiction of the case. The petition was filed so long ago as April 27, 1878; the adjudication was made five days later, and the case proceeded in its regular course for a period of more than one year and nine months before the jurisdiction of the court was called in question. At this late day, and at this stage of the proceedings, can William T. Carter raise the question of jurisdiction in this way, viz., by petition to annul the proceedings *ab initio?* And does his petiton present such a case as requires the court

to vacate the adjudication, and make null and void everything that has been done thereunder?

The bankrupt's schedule of creditors and the marshal's return to the warrant in bankruptcy conclusively show that the bankrupt himself did all that was incumbent on him to secure proper service upon Carter of notice of the adjudication. The petition of the latter simply alleges that "no such notice was received by him, nor, as far as he has been able to learn, was any such mailed or otherwise sent to him." This can scarcely be considered a sufficient traverse of the marshal's return. But, however this may be, the petition does not aver that Carter did not in fact know of the adjudication. Coming into court at this late day to overturn this whole proceeding, it was not sufficient for him, I think, to allege merely that he did not receive notice through the marshal. He should have gone further and alleged (if the fact were so) that he had no knowledge of the adjudication at or near the date thereof, and stated when he first acquired such knowledge. In the absence of a denial by Carter of actual knowledge, I think it may fairly be imputed to him.

Now, in considering the application of the petitioning creditor in this case, it must be remembered that want of jurisdiction is not apparent on this record, and that other parties besides the bankrupt and Carter are interested in the adjudication which the latter seeks to annul. Under such circumstances, it seems to me, a creditor who would contest the jurisdiction in the manner and to the extent now attempted must move with reasonable diligence, and after such a lapse of time as we have here, and at the present stage of the case, he will not be permitted to raise the question by an application to set aside the adjudication. This, I understand, was, in effect, decided *In re Little*, 2 B. R. 294, and is sustained by the rulings in *Smith* v. *Kernochen*, 7 How. 198, and *Phila. W. & B. R. Co.* v. *Zuigley*, 21 How. 202, where it was held that, if the court has jurisdiction according to the face of the record, objection to the jurisdiction, on the ground of citizenship, cannot be raised at the trial on the merits after a plea of the general issue.

Again, Carter's petition does not expressly or substantially traverse the averment in the bankrupt's petition that the bankrupt carried on business in the district aforesaid for six months next immediately preceding the filing of this petition. Clearly want of jurisdiction is not sufficiently shown by the averments of Carter's petition. His learned counsel themselves seem to have had doubts on this point, for they have moved the court for leave to amend the petition by inserting the words: "Nor had the said Samuel W. Groome resided or carried on business in the said western district during the six months immediately preceding the time of filing his petition in bankruptcy, nor during any portion of said six months."

I must decline to allow this amendment, and must sustain the motion to dismiss Mr. Carter's petition on two grounds: *First*, for the reason already expressed, I am of opinion that under all the circumstances the question of jurisdiction ought not to be raised by the petitioner in the manner proposed, and at this stage of the case; *second*, I think the object the petitioning creditor has in view may be reached without annulling the adjudication. His real purpose (as I infer from the argument of his counsel) is to prevent the bankrupt's discharge. Now it is entirely competent for him to oppose the discharge on the ground that the court has no jurisdiction of the case, and if this is shown the discharge will be refused. *In re Little*, 2 B. R. 294; *In re Penn*, 3 B. R. 582.

I am now brought to the consideration of another motion made by the counsel of Mr. Carter, viz.: that he be permitted to take part in the examination of the bankrupt before the register in bankruptcy, in any hearing upon the bankrupt's application for his discharge, and that the bankrupt be ordered to attend for such examination before the register upon reasonable notice, and submit to an examination by said Carter or his counsel.

It has been already stated that Carter has not proved his debt against the bankrupt, but this is immaterial. The fact that he has a provable debt is shown by the bankrupt's schedule and otherwise, and is admitted.

I am clearly of opinion that a creditor who has a provable debt has the right to oppose the bankrupt's discharge, and this whether or not he has proved his debt. *In re Sheppard*, 1 B. R. 439; *In re Boutelle*, 2 B. R. 129 ; *In re Murdock*, 3 B. R. 146; Bump (10th Ed.) 273–4.

The bankrupt's counsel insists that the order asked for is too broad, but I do not think so. I am of opinion that Mr. Carter has the right to examine the bankrupt in respect to any matters, whether jurisdictional or otherwise, which touch the question of the bankrupt's discharge, as fully as any creditor who may have proved his debt.

And now, to-wit, March 20, 1880, upon due consideration, leave to amend the petition of William T. Carter is refused, the said petition is dismissed, and the rule granted thereon, upon Samuel W. Groome, to show cause why his adjudication in bankruptcy should not be vacated and set aside, is discharged.

It is further ordered that the said William T. Carter, who is shown to be a creditor of the said bankrupt, and having a provable debt, have leave to take part in the examination of said bankrupt, before the register in bankruptcy, in any hearing upon said bankrupt's application for his discharge; and said bankrupt is required, upon reasonable notice, to attend such examination before said register, and to submit to an examination by said Carter, or his counsel, in respect to all matters, whether jurisdictional or otherwise, which touch the question of the bankrupt's discharge.