## LEHIGH MIN. & MANUF'G CO. v. KELLY et al.

(Circuit Court, W. D. Virginia. May 30, 1894.)

JURISDICTION—COLLUSIVE ORGANIZATION OF CORPORATION.

The organization by the individual stockholders and officers of a corporation existing under the laws of one state of a corporation under the laws of another state for the express purpose of bringing a suit in a federal court to try the title to a tract of land claimed by the former corporation, and conveyed to the latter after its organization and before suit brought, will not enable the grantee to maintain a suit in ejectment in such court.

This was an action of ejectment, brought by the Lehigh Mining & Manufacturing Company against J. J. Kelly, Jr., and others. The case was heard on defendants' pleas to the jurisdiction.

J. F. Bullitt, Jr., and J. A. Buchanan, for plaintiff.
Morrison & Duncan and F. S. Blair, for defendants.

PAUL, District Judge. This is an action of ejectment, brought by the plaintiff, a corporation under the laws of Pennsylvania, against J. J. Kelly, Jr., and others, citizens of the state of Virginia. The defendants file two pleas in abatement, which are as follows:

"Plea No. 1. And for plea in this behalf said defendants say: That the Virginia Coal & Iron Company is a corporation organized and existing under the laws of Virginia; that as such it has been for the last ten years claiming title to the lands of the defendants, J. J. Kelly, Jun., described in the declaration in this case; and said defendants say that for the purpose of fraudulently imposing on the jurisdiction of this court said Virginia Coal & Iron Company has, during the year 1893, attempted to organize, form, and create under the laws of the state of Pennsylvania a corporation out of its (the Virginia Coal & Iron Company's) own stockholders and officers, to whom it has fraudulently and collusively conveyed the land in the declaration mentioned for the purpose of enabling this plaintiff to institute this suit in this United States court. And said defendants say that said Lehigh Mining & Manufacturing Co. is simply another name for the Virginia Coal & Iron Co., composed of the same parties, and organized alone for the purpose of providing jurisdiction of this case in this court. Wherefore defendants say that this suit is in fraud of the jurisdiction of this court, and should be abated. And this they are ready to verify." etc.

"Plea No. 2. And for further plea in this behalf the said defendants come and say that said plaintiffs should not further have or maintain said suit against them, because, they say, there was no such legally organized corporation as the plaintiff company at the date of the institution of this suit, and they say that the real and substantial plaintiff in this suit is the Virginia Coal & Iron Company, which is a corporation organized and existing under the laws of Virginia, and a citizen of Virginia. And said defendants further say that said Virginia Coal & Iron Company, for the purpose and with the view of instituting and prosecuting this suit in the United States court, and of conferring an apparent jurisdiction on said court, did by prearrangement, fraud, and collusion attempt to organize said Lehigh Mining and Manufacturing Company as a corporation of a foreign state, to take and hold the land in the declaration mentioned for the purpose of giving this court jurisdiction of said suit. Whereupon defendants say that the said plaintiff has wrongfully and fraudulently imposed itself on the jurisdiction of this court, has abused its process. and wrongfully impleaded these defendants in this court; whereupon they pray judgment," etc., "that this suit be abated and dismissed as brought in fraud of this court's jurisdiction. And this they are ready to verify," etc.

The plaintiff and the defendants have agreed to submit the questions of law arising on these pleas to the court for decision, the submission being on the following agreed statement of facts:

### Agreement.

Circuit Court of the United States for the Western District of Virginia.

Lehigh Mining and Manufacturing Co. v. J. J. Kelly, Jr., and others.

It is hereby agreed between the parties to this action as follows, to wit: .

(1) That the land in controversy in this case was, prior to March 1, 1893, claimed by the Virginia Coal and Iron Company, and had been claimed by said last-named company for some twelve years prior to said date.

(2) That said Virginia Coal and Iron Company is a corporation organized and existing under the laws of the state of Virginia, and is a citizen of Virginia.

(3) That on March 1, 1893, said Virginia Coal and Iron Company executed and delivered a deed of bargain and sale to said Lehigh Mining and Manufacturing Company, by which it conveyed all its right, title, and interest in and to the land in controversy to said last-named company in fee simple.

(4) That said Lehigh Mining and Manufacturing Company is a corporation duly organized and existing under the laws of the state of Pennsylvania; that it was organized in February, 1893, prior to said conveyance, and is, and was at the date of the commencement of this action, a citizen of the state of Pennsylvania; and that it was organized by the individual stockholders and officers of the Virginia Coal and Iron Company.

(5) That the purpose in organizing said Lehigh Mining and Manufacturing Company, and in making to it said conveyance, was to give this court jurisdiction in this case, but that said conveyance passed to said Lehigh Mining and Manufacturing Company all of the right, title, and interest of said Virginia Coal and Iron Company in and to said land, and that since said conveyance said Virginia Coal and Iron Company has had no interest in said land, and has not, and never has had, any interest in this suit, and that it owns none of the stock of said Lehigh Mining and Manufacturing Company, and has no interest therein whatever.

(6) That the two pleas in writing filed by the defendants in this cause at the May term, 1893, of this court shall be tried by the court without a jury upon the foregoing statement of facts, but that any party may object to any of such statements on the ground of irrelevancy or incompetency.

### Plaintiff filed the following exception to the foregoing agreement:

"The plaintiff, by counsel, objects and excepts to the statement in the first part of the fifth paragraph of the foregoing agreed facts, viz.: "That the purpose of organizing the Lehigh Mining and Manufacturing Co., and in making to it said conveyance, was to give to this court jurisdiction in this case," because the same is irrelevant and immaterial.

The substance of these pleas is that the plaintiff has, by collusion between itself and the said Virginia Coal & Iron Company, been made a party to this suit in order to give this court jurisdiction of this case. This question is mainly to be determined by the fourth and fifth paragraphs of the agreement of facts, which are as follows:

"(4) That said Lehigh Mining and Manufacturing Company is a corporation duly organized and existing under the laws of the state of Pennsylvania; that it was organized in February, 1893, prior to said conveyance, and is, and was at the date of the commencement of this action, a citizen of the state of Pennsylvania; and that it was organized by the individual stockholders and officers of the Virginia Coal and Iron Company.

"(5) That the purpose in organizing said Lehigh Mining and Manufacturing Company, and in making to it said conveyance, was to give this court jurisdiction in this case, but that said conveyance passed to said Lehigh Mining and Manufacturing Company all of the right, title, and interest of said

Virginia Coal and Iron Company in and to said land; and that since said conveyance said Virginia Coal and Iron Company has had no interest in said land, and has not, and never has had, any interest in this suit, and that it owns none of the stock of said Lehigh Mining and Manufacturing Company, and has no interest therein whatever."

Counsel for the defendants contend that the following admitted facts in these paragraphs show that this is a collusive suit, and a fraud on the jurisdiction of the court:     That the plaintiff company was organized a short time before the conveyance of the land in controversy was made, and before the bringing of this suit; that it was organized by the individual stockholders and officers of the Virginia Coal & Iron Company; that the purpose, and the only declared purpose, in organizing the Lehigh Mining & Manufacturing Company, and in making the deed of conveyance to it by the Virginia Coal & Iron Company, was to give the federal court jurisdiction of this action, brought to try the title to the land in controversy. Counsel for plaintiff contend that, although these facts are admitted, and are true, yet, as the Virginia Coal & Iron Company has no interest in this suit, and owns none of the stock in the Lehigh Mining & Manufacturing Company, and has no interest therein, and although it conveyed the land to the plaintiff to enable it to maintain an action in this court, motives are immaterial, and cannot be inquired into.     They cite Jackson v. Clark, 1 Pet. 628; Jones v. League, 18 How. 76; Barney v. Baltimore City, 6 Wall. 280; Smith v. Kernochen, 7 How. 198–215 (not examined).     These cases, in the opinion of the court, do not sustain the position of counsel, and the exception filed by counsel for the plaintiff to part of the fifth paragraph, which states "that the purpose of organizing the Lehigh Mining & Manufacturing Company, and in making to it said conveyance was to give this court jurisdiction in this case," because the same is irrelevant and immaterial, is not well taken.     The motive—the object—of parties in putting themselves or others in a position to invoke the jurisdiction of the federal courts is a subject of inquiry running through all the cases on this subject.     And since the statute of 1875 it is said:

"If from any source the court is led to suspect that its jurisdiction has been imposed upon by the collusion of the parties, or in any other way, it may at once, of its own motion, cause the necessary inquiry to be made, either by having a proper issue joined and tried, or by some other appropriate form of proceeding, and act as justice may require for its own protection against fraud or imposition." Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521.

To preclude the court from inquiring into the motives, objects, intentions, aims, and purposes of parties, and confine it alone to a consideration of their actions, would be to render it in many instances helpless in its investigation of frauds on its jurisdiction. Section 5 of the statute of 1875 provides:

"That if in any suit commenced in a circuit court or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court,

or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require," etc.　18 Stat. 470.

In Greenwalt v. Tucker, 10 Fed. 884, it was held that:

"The transfer by a blank deed mala fide, without consideration, of the title to land in one state to a citizen of another state, for the purpose of bringing suit in a federal court, will not enable the grantee to maintain a suit in ejectment in such court."

The consideration of the deed from the Virginia Coal & Iron Company to the plaintiff is not given in the agreement of facts. It is termed "a deed of bargain and sale." If the consideration was given, the case just cited might be an authority in this case, or it might not be applicable. But noting the principle in that case, and in other cases referred to in argument, and applying it to the case at bar, we might express the court's conclusion as follows:

The organization by the individual stockholders and officers of a corporation existing under the laws of one state of a corporation under the laws of another state for the express purpose of bringing a suit in a federal court to try the title to a tract of land claimed by the former corporation, and conveyed to the latter after its organization and before suit brought, will not enable the grantee to maintain a suit in ejectment in such court. The claims of the plaintiff that the Virginia Coal & Iron Company has no interest in this suit, that it has no stock in the plaintiff company, and that by the conveyance of the tract of land in controversy it conveyed all its right, title, and interest to the plaintiff, may be technically correct; but it is to the average mind, as a matter of fact, difficult to conceive how the individual stockholders and officers of one corporation can organize another corporation for the express purpose of bringing suit to try the title to a tract of land belonging to them as individual stockholders and officers of the first corporation, can have said tract of land conveyed to the second corporation, of which they are also individual stockholders and officers, and then bring suit to recover said tract of land, and yet have no interest in the suit. The difficulty to understand this is increased where the facts show that the only tract of land held by the second corporation is that conveyed to it by the first corporation, for the purpose of bringing suit to try the title to the land. This court cannot give its sanction to such a device to invoke its jurisdiction. To approve such a scheme would be equivalent to transferring the litigation of all land titles where a Virginia corporation claims title to land against an individual citizen of Virginia into the federal courts. All that would be necessary to accomplish this would be for "the individual stockholders and officers" of a Virginia corporation to organize in another state a corporation for the purpose of bringing suit in a federal court to try the title to the tract of land in dispute, and then take a conveyance of the tract of land from the Virginia corporation to the foreign corporation. The device might be carried still further. An individual citizen, finding himself in a controversy with

his neighbor concerning a tract of land, and desiring to have the question tried in a federal court, could very readily organize a corporation in another state for the purpose of bringing a suit in the federal court, then convey whatever interest he claims in the land to the foreign corporation of his own creation, and in which he is the only stockholder, and the courts of the United States would be open to him to litigate in a federal court a question that the laws of the land, state and federal, contemplate shall be litigated in the courts of the state of which both parties are citizens. The court is clearly of opinion that this suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court; that the plaintiff has been collusively made a party to it for the purpose of making a case cognizable in a federal court; and this case must be dismissed.