## McLEAN OIL CO. v. ASHWORTH'S HEIRS et al.

(District Court, E. D. Texas, Beaumont Division. June 15, 1922.)

No. 242.

1. Courts ⊙═▷312(8)—Federal court has jurisdiction on grounds of diverse citizenship, where land conveyed to foreign corporation without reservation of power to compel reconveyance.

Where a resident conveys land to a foreign corporation doing business within the state without retaining a power to compel a reconveyance, this corporation can maintain a suit involving this land in the federal court, on the grounds of diverse citizenship, regardless of the motives for the conveyance.

2. Courts ⊙═▷314—Members of corporation presumed citizens of state of incorporation.

The members of a corporation are conclusively presumed to be citizens of the state where the corporate body has its legal existence.

3. Courts ⊙═▷312(8)—Where grantor of land to foreign corporation owned majority of stock corporation, not entitled to maintain suit in federal court on grounds of diverse citizenship.

Where a grantor without consideration conveyed the land in question to a foreign corporation in which he owned practically all of the stock, this corporation could not maintain, on the grounds of diverse citizenship, a suit in the federal courts concerning this land against resident defendants, in view of Act March 3, 1911, § 37 (Comp. St. § 1019), requiring the District Court to dismiss a suit where it does not appear that it was within that court's jurisdiction, as grantor had the power to compel a reconveyance to him at any time without consideration.

In Equity. Suit by the McLean Oil Company against Delaide Ashworth's Heirs and others. On motion to dismiss. Motion sustained.

W. D. Gordon, of Beaumont, Tex., for plaintiff.
Oliver J. Todd, of Beaumont, Tex., for defendants.

ESTES, District Judge. The defendants have filed and presented a motion to dismiss this suit, upon the ground, among others, that the court is without jurisdiction to determine it. The allegation is that the requisite diversity of citizenship does not exist.

The bill is quite an elaborate document, and contains various grounds for the recovery of the property and the removal of clouds from the title. The plaintiff holds through a conveyance to it from Marrs McLean, and the point is made that he is the real party at interest, that he resides in Texas, and that he caused the incorporation of the plaintiff for the purpose of litigating in the federal court the transactions outlined in the bill.

The evidence of two of the three stockholders of the company in question is in the record, in support of this plea, and the facts are practically uncontroverted. Briefly, it is shown that Marrs McLean,

⊙═▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the president of the plaintiff and its principal stockholder, filed, in connection with other claimants, a suit in the district court of Orange county, Tex., against the unknown heirs of Delaide Ashworth, summoning them by constructive service. An answer was filed by the heirs claiming ownership of the property, and, as regards some of them, affirmative relief was sought against the plaintiffs.

Subsequent to that time, McLean dismissed the said suit as regards his interest, and caused the incorporation of the McLean Oil Company, the plaintiff herein, under the laws of the state of Delaware. The original incorporators were three individuals, who were the employés or agents of the concern that had been engaged to procure the charter. They paid no money into the treasury, and shortly thereafter transferred to McLean and to McLean's wife and to his attorney the qualifying shares of stock that had been issued to them. No funds appear to have been paid into the concern, excepting such money as Mr. McLean paid in the nature of expenses incident to the incorporation, and the entire assets of the company consist of three tracts of land transferred to it by Mr. McLean in exchange for stock, one of which tracts, and the most valuable, was involved in the Orange county suit.

The testimony shows that McLean is an extensive operator in oil properties, and that the land conveyed to this corporation constitutes a small part of his holdings, and that they are undeveloped, although favorably situated, properties. Within a short while after the transfer was made to the corporation, this suit was instituted, and the fact seems to be conclusively established that the purpose of the incorporation was to place the title to this tract of 8½ acres in a nonresident, and then test the title to it in a suit to be instituted in the federal court.

[1, 2] It is well settled that this can be done under appropriate conditions. Smith v. Kernochen, 7 How. 198, 12 L. Ed. 666; Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825. The motives involved are of no especial consequence, provided the conveyance and delivery of the property is a real and not a simulated transaction, and actually passes title without reservation or retention on the part of the vendor of the right or power to compel a reconveyance after the case has been decided. Jones v. League, 18 How. 76, 15 L. Ed. 263; Lehigh Mining Co. v. Kelly, 160 U. S. 336, 16 Sup. Ct. 307, 40 L. Ed. 444. It is also clear that the members of a corporation are conclusively presumed to be citizens of the state where the corporate body has its legal existence. Ohio Railway v. Wheeler, 1 Black (66 U. S.) 296, 17 L. Ed. 130.

[3] But where the transaction, though complete in form, is without consideration and for the purpose of divesting the state court of jurisdiction, the court can look into the real facts and dismiss the bill if they justify such procedure. Miller & Lux v. East Side Canal Co., 211 U. S. 302, 29 Sup. Ct. 111, 53 L. Ed. 189. And when making such inquiry "the presumption in every stage of a cause is that it is without the jurisdiction of a court of the United States, unless the contrary appears from the record." Lehigh Mining Co. v. Kelly, supra. The statute on the subject provides that:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the, satisfaction of the said District Court * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendant, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require." 36 Stat. p. 1098 (Comp. St. § 1019).

In the cases of Lehigh Mining Co. v. Kelly and Miller & Lux v. East Side Canal Co., cited above, this statute has been construed, and those cases, as I interpret them, sustain the propositions urged in this motion. In the Lehigh Company Case, the stockholders of a Virginia corporation organized a Pennsylvania corporation, to which some lands located in the state of Virginia, and belonging to the Virginia company, were conveyed by that concern, and the Pennsylvania company then undertook to litigate the title to them in the federal court of Virginia. Allegations respecting jurisdiction similar to those in this case were presented, and the principles and precedents relating thereto were fully discussed by the court. The determining test was said to have reference to the real parties in the suit. It is whether the plaintiff in the record is but a nominal and colorable plaintiff, his name being used merely for the purpose of jurisdiction, and whether the grantors in the conveyance, after the incorporation, have the right and power to compel the corporation holding the title to convey back to them, without a valuable consideration, the title that has been acquired. In such a state of affairs, the transaction is held to be "a mere device to give jurisdiction to a Circuit Court of the United States, as well as a wrong to the defendants."

The uncontroverted facts in this case show, I think, that the plaintiff holds the title to this property for the benefit of Mr. McLean, a citizen of Texas. No valuable consideration was paid to him for the transfer; practically all of the stock in the corporation is held by him; and while, as in the Lehigh Company Case, "the technical title is in the corporation, and there is no evidence that a formal agreement was made on the part of the artificial being, invisible, intangible, and existing only in contemplation of law," that the property would be reconveyed to him, yet "we cannot shut our eyes to the fact that there exists what should be deemed an equivalent to such an agreement, viz. the right and power to compel" the plaintiff company, without a valuable consideration, to reconvey it to him. The plaintiff, in other words, holds the property, subject at any time "to be divested of it by the action of its stockholders," of whom Mr. McLean is the decided majority.

The case of McDonald v. Smalley, 1 Pet. 620, 7 L. Ed. 287, cited by the plaintiff, is not, in my judgment, in point as regards the issue under consideration. In that case a transfer of land was made to a nonresident by one who was apprehensive that his title would not be sustained in the state courts, but the transfer was complete and unconditional. There was no reservation of power or right to repossess

the premises by the vendor. Jurisdiction, in that state of affairs, was upheld, under the doctrine that the motive in making the conveyance does not control, and that, if the real parties at interest reside in different states, the requisite jurisdictional facts exist.

The motion to dismiss is hereby sustained. This makes it unnecessary to determine the second proposition presented in the motion and urged in the argument, to wit, that this court cannot, under the statutes relating to procedure, interfere by injunction with proceedings in the state court.