R. S. PULLEN, as Exec'r., and Trustee and another *v.* THE HERON MINING COMPANY and others.

In an action to foreclose a mortgage, the mortgagees are necessary parties, in order that the legal title may pass to the purchaser. A mortgagee who has assigned his interest is not a necessary party.

This is but another branch of the preceding case, being the defendants' appeal therein. For the facts necessary to an un-

568          IN THE SUPREME COURT.

derstanding of the points taken by defendants, see the state-
ment and opinion in the preceding case.

On the trial below, the defendants insisted that certain other
persons were necessary parties. His Honor ruling differently,
the defendants appealed.

*Mason* and *Fowle*, for appellants.
*Moore & Gatling*, contra.

RODMAN, J.  1. We are unable to see how the heirs of
Richard Smith are necessary parties. The title to the Com-
pany begins with the deed from Penelope and Mary Smith.

2. Wiseman is not a necessary party. Inasmuch as all the
parties acquired their present estates during the pendency of
the action for partition between the Company and him, they
are all concluded by the decree in that suit.

3. Winder is not a necessary party. All his estates and in-
terests have been assigned to the present parties.

4. Mary A. Smith is a necessary party. It does not appear
that the legal estate in the land conveyed to her by the assign-
ment from Winder has ever passed to any one else, and this
legal estate should be represented in this action, in order that
the purchaser, under a decree of sale for foreclosure may ac-
quire a full legal estate.

5. The counter-claim for breach of the covenants in the
deed from Penelope Smith and Mary A. Smith to Winder is a
good one so far as now appears. Such covenants run with the
land to a purchaser. It may be doubtful whether upon a deed
made since the Revised Code, (chap. 44, sec. 10,) the heirs of
Penelope Smith or her executor would be the proper person to
be defendant in an action upon her warranty. But this is of
no importance in this case, as Pullen represents both charac-
ters, and as between the two the primary liability is on the
personal estate. The fact of Mary A. Smith's liability for any
breach of this covenant is an additional reason why she should
be a party.

The admission by Winder that he had been satisfied for the breach was not evidence. He was not introduced as a witness, he was not sworn or liable to cross-examination. If he had been a party, such admission in his answer would not have been evidence against his co-defendants. If the fact of satisfaction to Winder or of a release by him before he parted with his estate in the land was established, it might be of weight.

PER CURIAM. There is error in the judgment below and the case is remanded.