## HUGHES v. GAY.

### (Filed March 3, 1903.)

1. MORTGAGES—*Foreclosure of Mortgages—Ejectment—Parties— Executors and Administrators—Heirs at Law.*

Where the plaintiff in a foreclosure or ejectment action dies, his heirs at law must be made parties.

2. MORTGAGES—*Foreclosure of Mortgages — Parties — Executors and Administrators—Acts 1887, ch. 147—Acts 1901, ch. 186.*

Acts 1887, ch. 147, as amended by acts 1901, ch. 186, provides that a personal representative can sell under a mortgage, but does not confer any right to maintain an action of ejectment nor for foreclosure.

ACTION by W. H. Hughes against L. D. Gay and others, heard by Judge *George A. Jones,* at September Term, 1902,

of the Superior Court of NORTHAMPTON County.    From an order refusing a motion to dismiss the action for defect of parties, the defendants appealed.

*Gay & Midgett,* and *W. J. Peele,* for the plaintiff.
*Peebles & Harris,* for the defendants.

CLARK, C. J.    This action was begun by W. H. Hughes, the mortgagee, as an action of ejectment against H. B. Gay and W. H. Hyatt, who, he alleged, were in possession, and who, by answer, denied the title of the mortgagor and the Cummer Company, purchasers from them of part of the timber thereon, and against L. D. Gay, the mortgagor, for possession and foreclosure.    Upon the death of the plaintiff his executor attempted to carry on the action without making his heirs at law parties.    The motion to dismiss for such defect should have been treated as a demurrer and sustained.

Upon the death of the mortgagee the legal title descended to his heirs at law.    A foreclosure could not be decreed without making them parties.    *Pullen v. Mining Co.,* 71 N. C., 567; *Hughes v. Hodges,* 94 N. C., 56; *Graves v. Trueblood,* 96 N. C., 495.    Nor could the personal representative maintain an action of ejectment.    By a late English statute (Land Transfer Act 1897), lands descended not to the heirs at law, but to the personal representative, to be applied first as assets and then to hold the surplus in trust for the heirs at law.    We have as yet no such statute in this State.    Chapter 147, Laws 1887, now corrected and amended by chapter 186, Laws 1901, has no such effect.    It is simply provided thereby that when a mortgagee or trustee, in a mortgage or trust deed containing a power of sale, shall die before payment of the debt secured, "all the rights, powers and duties of such mortgagee or trustee" shall pass to their personal rep-

resentatives—that is, the power of sale passes.   This act was not intended to confer any right of action in ejectment, but simply to avoid going into Court to obtain the appointment of a new trustee, as was formerly necessary.   A mortgagee with power of sale holds in two capacities: first, the legal title, which passes at his death to his heirs at law; and, secondly, the superadded power of sale, which, under the statute, now passes to his personal representative.

There being no authority in the personal representative to maintain this as an action of ejectment, nor for foreclosure without making the heirs at law parties, the demurrer should have been sustained.

As the case goes back, it will be in the discretion of the Judge below to permit additional parties to be made, and an amendment of the pleadings.

Error.