Mr. Chief Justice Marshall
 

 delivered the opinion of the Court.—
 

 This suit was instituted in the Circuit Court ojf the.United States for the seventh- Circuit, and district' of Ohio, to obtain a conveyance of a tract of land,' lying in' what is termed “ the military. district;'” ■ claimed by the complainant under a patent, younger than, that under which it is held by the • defendants. The complainant is a- citizen of Alabama; and. claims the land under a conveyance from Duncan M’Arthur, who is a citizen of Ohio. The defendants. objected to the, jurisdiction of the Court; and after Fearing the parties upon this point, the. Court dismissed the bill, ■ being of. opinion that its jurisdiction'could not be sustained. From this decree, the complainant has appealed, and the cause is-now before this Court on the question of jurisdiction.
 

 The bill -states, the complainant to be- a citizen and resident of the state'of Alabama, and the defendants to be citizens and residents of the state- of Ohio. It hás not been' alleged and certainly cannot be alleged, that a citizen of one state, having title to lands in another, is disabled from suing for those lands in the' Courts of the: United States, by-the fact, that he derives-his ti-. tie from a citizen of .the state in which the lands lie’: consequently, the single inquiry must be, whether the conveyance from M’Arthur to M’Donald was real or fictitious ?
 

 The transaction, as laid before the"Court, appears to be this; M’Arthur was apprehensive that his title could not “be sustained ini .the Courts of the state, in. which alone he could sue;'and being indebted tp M’Donald in the sum-of 81100, offered to sell and convey to him the land in controversy, in payment of
 
 *624
 
 this debt. The .letter in which thijs offer was made, expresses the opinion, that his title was good, and would most probably; be ■established in' the Courts-of the United States, but would fail in the Courts of the- state. He estimates the property as-being worth much'more than the sum he- is willing to take for it, but in consequence of the difficulties attending the title, he is willing to convey itin satisfaction of the-debt. fie suggests, that if M’Donald should be' disinclined to engage in the controversy himself, he might make an advantageous, sale" to some-of his neighbours, who might be-disposed , to emigrate to Ohio; and' offers to render any service in his power to the proprietor of .the land, in the prosecution of-the claim’in the Courts of the - United States.
 

 The contract was. concluded by a letter, written in answer to that which has béen statedj of which-the, said M’Donáld retained no cop^,. There was no special agreementbetween the plain-tiff and M’.Arthur' when the 'deed was written, but perhaps some proposition by letter, fie.gave his bond to a third party for making a quit claim title to the land, on- condition of receiving from him'eievén hundred dollars.
 

 This.-testimony, , which is all that,was laid'before the, Court, ■ shows, we think," a sale and conveyance to-thé plaintiff, which was binding on both parties. ' M’Donald couild not have maintained an action for his debt, nór M’Arthur a suit for his land. His title to it was extinguished, and the Consideration' was received. ' The mptiyes-which induced him' to make the contract,Whether justifiable ór censurable,'can have no influence on-its-validity. They were- such as had sufficient influence with him-sélf, and he' had a right to act upon them.- A . Court cannot enter into them, when' deciding, oh its jurisdiction! The'- con- . veyance appéars to be -a real -transaction,. and -the real as' well as nominal, parties'.to the suit,'are, citizens'of different states. ■- '.
 

 The only part- of the testimony which can-inspire-doubt, re- . .specting its being; an absolute, sále," is the admission that the plaintiff gave^ his bond to a\third party for a quit claim title to the fend, on paying him gllOO.' We áre'not informed who this third'party was, nor 'do we suppose it to'-be material. The |ti(le of M*Arthur-.was vested in the plaintiff, and did. not-pass out of him by this bond.- A' suspicion may exist, that.it was Sor -M’Arthur. The Court canndt act-upon-this suspicion, ■
 

 But -suppose' the fac,t to be avowed,- what influence Could it have upion the. jurisdiction of the Court? It-would-convert the .conveyance, which -on itá face appears .to' be. absolute,, into a mortgage.. But this.-would not.affect the-qu^stion. In a contest 'between the mortgagor tfnd mortgagee, being citizens of different States, it cannot be doubted that an ejectment, or a bill
 
 *625
 
 to foreclose, may be brought by the mortgagee, residing in a different state, in a Court of the United States. Why .then may he not sustain a suit in the same Court, against'any other person being a citizen of the same state with the mortgagor. We can perceive ho reason why he should not. The case depends, we think, on the question, whether the transaction between M’Arthur and M’Donald was real or fictitious; 'and we perceive no reason to doubt its reality, whether the deed be considered as absolute or as a mortgage.
 

 A question has been made, whether the Circuit Courtought to- have noticed the testimony on the conveyance under which the plaintiff claims, because it was brought irregularly before them.
 

 By a- law of the state, interrogatories may be propounded, by the defendant in his answer, which the plaintiff is compelled to answer as if they had been propounded in a cross bill.
 

 Although this point has become unimportant in this cause, the Court thinks it proper to say, that the rules Which govern the practice of the Circuit Courts in Chancery, have been prescribed by this Court, and ought to be observed.
 

 We think, there is error in the decree of the Circuit Court dismissing the complainar ’s bill, and that the same ought to be reversed, and the .cause remanded for further proceedings according to law.
 

 This case came on, &c; and was- argued on the point of ju-bn consideration whereof, This Court is of opinion, that there is error' in the decree of the said Circuit Court dismissing the complainant’s bill. It is therefore decreed, and ordered by. this Court, that the decree of the said Circuit Court in this causé be and'the same is hereby reversed and annulled. And it is further orderedj that the cause be remanded to the said Circuit 'Court.for further- proceedings to be had therein* according to law and justice.