Mr-. Justice NELSON,
 

 after reading the statement of the case prefixed .to this report, proceeded to deliver the opinion of the court.
 

 We are of opinion, that the charge of the court below upon the question of jurisdiction was substantially correct.
 

 It might have been placed upon ground less open to objection. The case admits that Kernochen, the plaintiff, was not charged-' ble with notice of the motive of the company in assigning the mortgage to a citizen of another State; he was not chargeable, therefore, with the legal consequences that might result from the existence of such knowledge. He advanced his money, and took the security in good faith, and became thereby possessed of all the title that belonged to the mortgagees; and had. a right to enforce it in. any court having cognizance of the same.
 

 The most that can be claimed is, that the company intended a fraud upon the eleventh section of the Judiciary Act-, in seeking to obtain a decision of the Federal courts upon the validity of the mortgage between themselves and the defendants, both parties residents and citizens of the same State, using the name of the plaintiff as a cover for that purpose. But admitting this to be so still, upon general principles, the rights of the plaintiff under the assignment could not. be affected by the
 
 *216
 
 fraud, unless notice was brought home to him. Till then, he stands on the footing of a
 
 bo?ia fide
 
 purchaser without notice. ■
 

 But the charge, we think, may also he sustained upon the ground on which it was placed by the court below. For, even assuming that both parties concurred in the motive alleged, the assignment of the mortgage, having been properly executed and founded upon a valuable consideration, passed the title and interest of the company to the plaintiff. The motive imputed could not affect the validity of the conveyance. This was so held in McDonald
 
 v.
 
 Smalley, 1 Peters, 620.
 

 The suit would be free from objection in the State courts. And the only ground upon which it can be made effectual here' is, that the transaction between the company and the- plaintiff was fictitious and not real; arid the suit still, in contemplation of law, between die original parties to the mortgage.
 

 The question, therefore, is one - of proper parties
 
 tó
 
 give jurisdiction to the Federal courts; not of title in the plaintiff. That would be a question on the merits, to decide which the jurisdiction must first be admitted.
 

 The true and only ground of objection in all these cases •is, that the assignor, or grantor, as the case may be, is - the real party ip the suit, and the plaintiff on the record but nominal and colorable, his name being used merrily for the purpose of jurisdiction. The suit is then in fact a controversy between the former and the defendants, notwithstanding the conveyance ; and if both parties are citizens of the same State, jurisdiction of course cannot be upheld. (1 Peters, 625; 2 Dallas, 381; 4 ib. 330 ; 1 Wash. C. C. 70,
 
 80; 2
 
 Sumner, 251.)
 

 Assuming, therefore, eyery thing imputed to the assignment of the mortgage from thé company to the plaintiff, the charge of the court was "correct. The objection came too late, after the general issue. For when taken to the jurisdiction on the ground of citizenship, it must be taken by a plea in abatement, and cannot be’ raised in the trial on the merits. D’Wolf
 
 v.
 
 Rabaud, 1 Peters, 417; Evans
 
 v.
 
 Gee, 11 ib. 80; Sims
 
 v.
 
 Hupdley, 6 How. 1.
 

 But we are of opinion the court erred in giving the second instruction, which denied the conclusiveness of the decree in the bill of foreclosure against the right of the plaintiff to recover in this action.
 

 The suit in chancery was between the original parties to the mortgage, and involved directly the validity of that instrument ; it was the only question put in issue by the bill and answer, arid the only one decided by the coúrt. The mortgage was held to be void, on the ground that the bonds of the company Avhich were given in exchange fpr it were illegal,
 
 *217
 
 and created no debt or liability for which a mortgage security could be taken or upheld; that every part of the transaction was beyond any of the powers conferred upon the company by its charter, and therefore wholly unauthorized and void. On. these grounds, the court decreed that the bill be dismissed. The present is an action of ejectment, brought by the assignee of the complainants in that suit against defendants representing the interest of the mortgagor, and in which the right to recover depends upon the force and validity of the. same instrument.
 

 A mortgagee, or any one holding under him, may recover possession of the mortgaged premises, after default, on this action, unless it appears that the debt has been paid, or is extinguished, or the mortgage security for good cause held ineffectual to pass the title. Here it has been shown to have been declared null and void by a court of competent jurisdiction, in a suit between parties under whom the present derive title, and. in which, as w'e have seen, the question of its validity was put directly in issue. ' The case, therefore, falls within the general rule, that the judgment of a court of concurrent jurisdiction directly upon the point.is as a plea.,-a bar, or as evidence conclusive between the . same parties or privies upon the same matters, tvhen directly in question in another ciourt.
 

 It is suggested on the brief' submitted on the part of the plaintiff .below, that a decree in equity between the same parties is not a bar • to an action at law; and hence, that the decree in the bill of foreclosure in this .case is no bar to the action of ejectment; and'the case of the Lessee of 'Wright
 
 v.
 
 Deklyne, 1 Peters, C. C. 199, is referred to as sustaining that position. On looking into the case, it .will be seen- that, the decree dismissing the bill, which was set up as a bar to the action óf éjectiñent, was placed upon the ground that the complainant had a complete remedy at law, and did not, therefore, involve the legal title -to the property in question. The court say, that, if a complainant seeks' in a court of' equity to enforce a strictly legal title, when his remedy at law is plain and adequate, the dismissal of his bill amounts to a declaration that he has no equity, and the court no jurisdiction ; but it casts no reflection whatever upon his legal title ; it decides nothing in relation to it, and consequently can conclude nothing against it. It was admitted that the- decision of a court of competent jurisdiction directly upon the point was-conclusive where it came again in controversy.
 

 The case of Hopkins
 
 v.
 
 Lee, 6 Wheat. 109, illustrates and applies the • principle which governs' this casé. There Hopkins purchased. of Lee an estate, for which' he agreed to pay
 
 *218
 
 $ 18,'000; $ 10,00,0 in military lands at fixed prices, ,and to give his bond for the, residue. The estate was mortgaged for a large sum, Which encumbrance Lee agreed to raise. The whole'agreement rested in contract. Hopkins filed a, bill against Lée, charging that he had been obliged to remove the encumbrance, and claiming the' repayment of the money, or, in default thereof, that hé be permitted to sel the military lands Which he considered as a pledge remaining in his hands for the money. Lee put in an answer denying the,allegations in the bill, whereupon the cause was referred to a master, who reported that the funds With which Hopkins had lifted the mortgage belonged to Lee, upon which report a decree was entered accordingly. The suit in 6 Wheaton, was an action of covenant brought by Lee against Hopkins, to recover damages for not conveying the military lands which he had agreed to convey upon the aforesaid encumbrance being removed. The defence was, that the encumbrance had not beep removed. And upon the trial Lee relied upon the suit and the decree in chancery as conclusive evidence of the fact that he had complied with the condition, which was admitted by the court below, and the decision sustained here on error.
 

 The court, after referring to the general rule, observed, that a verdict and judgment of a court of record, or a decree in chancery, although not. binding upon strangers, puts an end to all further controversy concerning the points thus decided between the parties to such suit. In this there is,-and ought to .be, no difference between a verdict and judgment in a court of common law, and a decree of a. court-of equity. They both stand on the same footing, and may be offered in evidence under the áame limitations, and it would be difficult to assign a reason why it should be otherwise.
 

 If any further illustration of the principle were' necessary, we might refer to the case of Adams
 
 v.
 
 Barnes, 17 Mass. 365, where it appeared that a mortgagee had brought an action to recover possession of the mortgaged premises, in which thé mortgagor had defended on the ground of usury, but, failing in the defence, the mortgagee had judgment. The mortgagor afterwards conveyed his interest to a third person,-who brought a writ
 
 of
 
 entry against the mortgagee t-o recover the possession, relying upon the usury in the mortgage as invalidating that instrument; and rendering it null and void. But- the court held the parties„conchided by the previous judgment, the same point having been there raised and decided in favor of the mortgagee.
 

 The same principle will be found in Betts
 
 v.
 
 Starr, 5 Conn. 550, where it was held, that a judgment recovered upon a
 
 *219
 
 note secured by - the mortgage, notwithstanding the plea of usury, precluded the mortgagor from setting up that defence' again, in an action of* ejectment by the mortgagee to recover the possession of the mortgaged premises.
 

 Further illustrations of .the principle will- be found by referring to Cowen & Hill’s Notes to Phillips on Ev., p. 804, note 558 ; and 2 Greenleaf on Ev., <§>§ 528 — 531.
 

 The case of Henry Raguet
 
 v.
 
 Peter Roll, 7 Ohio, 76, has been referred to as maintaining a different doctrine. That was a
 
 scire facias
 
 on a mortgage to charge the lands in' execution. The defence set up was, that the mortgage had been given to secure the payment of a note of five hundred dollars, which was made to the mortgagee to compound á felony. There had been a suit between the same parties on the. note, in which the same defence was set up and prevailed. The case is reported in 4 Ohio Reports, 400. But this former suit was not interposed or relied on in the
 
 scire facias
 
 on the mortgage, and thé question here^ therefore, was not involved in that case, and, probably, could not have been. For, on looking into the report of the suit upon the note, it appears to have been brought, originally, in the Common Pleas, where the plaintiff recovered. This judgment was afterwards reversed by .the Supreme Court on-error, without any further order in the case. This left the parties and the note as they stood before the judgment in the Common Pleas. Cowen & Hill’s Notes, p. 826, note 587.
 

 There is another principle that would, probably, be decisive of this case, over and above the ground here stated, upon a second trial, arising out of the thirty-fourth section of the. Judiciary Act, whieh provides that the laws of the several States, with the exceptions there stated, shall be regarded as rules of decision in trials at common, law in the courts of the United States, in cases where they apply.
 

 The highest court of the ‘State of Alabama has given a con- . struction to the act of the .legislature chartering .this company, which we have seen is fatal to a recovery. It belongs."to the. State courts to expound their own- statutes; and when thus expounded the decision is .the rule of this court in all cases depending upon the local laws'of the State. 7 Wheat. 361; 6 Peters, 291.
 

 It is unnecessary, however, to pursue this inquiry, as the 'grounds already mentioned are, in our judgment, conclusive upon, the rights of the parties.
 

 In every view we have been able to take of the case, we think the court erred in the second instruction given to the jury, and that the judgment below must be reversed.
 

 
 *220
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Alabama,- and was argued by counsel; on consideration whereof, it is now' here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be and the same is hereby reversed, with costs, and that' this cause be and the same is hereby remanded to the said Circuit Court, with directions to award a
 
 venire facias de novo.