W. W. GRAVES et al. v. C. R. TRUEBLOOD et als.

*Evidence—Assignment of Error—Mistake—Powers—Curtesy—*
*Parties.*

1. Where evidence offered by the plaintiff bearing only on one issue, is admitted after objection by the defendant, it cannot be assigned as error, if the verdict on that issue is in favor of the defendants, although the judgment on the entire verdict is against him.

2. It is not erroneous for the trial Judge to reject evidence when there is no issue to which it is applicable.

3. In an action to reform a deed, the evidence of the party asking the reformation, as to the object of purchasing the land, the directions given to the draughtsman, &c., is not sufficient to warrant a verdict upon which the Court would decree a reformation of the deed.

4. An estate settled on a *feme covert* for life, with a power of appointment at her death in fee, does not give her such an estate as will entitle the husband to curtesy if she fails to appoint.

5. Where an estate is settled on one for life, with a power to appoint in fee, by writing to take effect after her death, and in case of a failure to appoint, then to the heirs of the donee for life, the word heirs does not come within the provisions of the Rev. Code, ch. 43, §5, so as to be interpreted children.

6. Where land is given to a trustee to hold on various trusts, and after the death of the trustee an action is brought to construe the trusts and enforce the provisions of the deed, the Court cannot decree a conveyance of the legal estate unless all of the heirs of the trustee are parties.

7. One who has the right of possession of an equitable estate in land, may maintain an action for the possession.

(*Patrick* v. *Morehead*, 85 N. C., 62; cited and approved).

CIVIL ACTION, tried before *Gudger, Judge*, at Spring Term, 1886, of PASQUOTANK Superior Court.

On December 26th, 1859, Meta Palmer, for the recited consideration of one thousand six hundred and fifty dollars, conveyed by deed two lots of land in the town of Elizabeth City, which are described by boundaries therein, and also in

the complaint, to John S. Burgess, in fee, to be held upon the following trusts :

I. "For the sole and separate benefit of Barsheba True-blood, now the wife of Cornelius Trueblood, for and during the time or continuance of the coverture, or the joint lives of said Barsheba and her husband.

II. "If the said Barsheba shall survive her said husband, then on demand being made of him, the said Burgess his heirs or assigns, shall execute a proper deed of conveyance of all their title to the lots of land hereby conveyed, to the said Barsheba and her heirs, to be held by her in fee simple.

III. "If she shall die before her husband, and in writing to be attested by two witnesses, appoint and direct in what manner and to whom, the lots, one or both, shall be conveyed, they shall be so conveyed by the trustee.

IV. "If she shall die not having made such appoinment, and in the manner pointed out, upon a like demand, the trustee, his heirs or assigns, shall convey the lots to the proper heirs at law of the said Barsheba Trueblood," with provisions as to rents and expenses not necessary to set out.

The equitable donee for life died without having exercised the conferred power of appointment, and her husband continuing in possession and claiming the right to do so, the *feme* plaintiff, a daughter of Mary Laboyteaux, a sister of the deceased, and her husband, bring this action against the said donee, to recover possession. The defendant Abel Gallop, subsequently introduced into the action, is a brother of the said Barsheba, and these two are her only heirs at law.

. There was born of the bodies of said Cornelius and Barsheba, during their coverture, capable of inheriting, a child who died during his mother's life.

The controversy between the two heirs at law, one in interest, while on opposing sides in the cause, and the contesting defendant Cornelius, was mainly as to the source from

which the money used in paying for the lots was derived, the former insisting that it came from their mother's estate; the latter that it was the earnings of himself and wife, and that the instructions given to the draftsman of the deed, were to secure the remainder, after the life estate, to him, which from inadvertence had not been done. Besides, as we understand, he construes the deed as vesting an estate in Barsheba, and thus he has an estate, as tenant by the curtesy, which justifies his occupancy.

Upon issues framed for the jury, they find that the purchase money did not come from Mary Laboyteaux, but was accumulated by defendant and his wife, before and during their marriage; that they expended $1,950 in the support of Mary Laboyteaux's children; that live issue was born to the defendant and wife, and that the *feme* plaintiff at the time of her marriage was eighteen years of age.

In the case sent up, there are but two exceptions taken— one to the reception, the other to the rejection of evidence offered on the trial by the defendants, who appeal.

*Mr. John E. Bledsoe*, for the plaintiffs.
*Mr. E. F. Aydlett*, for the defendants.

SMITH, C. J., (after stating the facts):

I. The plaintiffs, after objection, were allowed to prove declarations of said Barsheba in reference to her having money and other property of the *feme* plaintiff in her hands.

No prejudicial result came to the defendant from the admission of the evidence, since with it, the verdict upon the issue to which it was applicable, is against the plaintiff.

II. The Court refused to let the jury hear the testimony of the defendant Cornelius as to what passed between him and his wife about the payment of the purchase money, and whence it was derived—their object in making the pur-

chase—and the directions given the attorney in drawing the deed.

The proof offered on the first point was sufficient, without this in corroboration rejected, to satisfy the jury that the fund so used did belong to them, and such is their finding upon that issue.

No detriment has thereupon come to the appellant and its reception would have been of no advantage.

The proof, so far as it tended to show a mistake in the form of the deed in disposing of the remainder, was incompetent, if for no other reason, because there was no issue to which it was pertinent, and if pertinent, it would have been insufficient to warrant a verdict upon which the Court would feel authorized to act in ordering a reformation of the instrument.

The construction of the concluding words in the declaration of trusts, was then presented to the Court in the opposing demands of the parties for judgment.

The case of *Patrick* v. *Morehead*, 85 N. C., 62, establishes the doctrine which gives but an estate for life to the said Barsheba, not enlarged by the power to designate to whom the inheritance shall go at her decease. The failure to exercise the power, does not enlarge the estate given, but brings into operation the clause that in such contingency, limits the remainder "*to the proper heirs at law of the said Barsheba Trueblood.*"

These are to be ascertained by inquiring who would be her heirs, to whom, if she had been given an estate of inheritance, it would descend at her death. Those answering the description at that period would be the persons designated in the deed. It is not a present limitation to the heirs of a living person, so as to come within the words of the act of 1856—Rev. Code, ch. 43, §5—and to mean children, but a contingent limitation to such persons as sustain the relation to the deceased at the time of her death. These take not

under her, but under the deed, as remainder-men. There was, therefore, no estate to be prolonged in the defendant as tenant by the curtesy, and the contingent interest in the remainder, at once upon her death without exercising the power of appointment, became vested and certain.

It does not appear that all the heirs at law of the trustee are before the Court, three only of whom have been served with process, and these do not answer. Nor does it appear that publication has been made for such as are non-residents. The absence of those not legally brought into the cause, and whose presence is necessary to give jurisdiction, prevents any decree for a conveyance of the legal title.

But as the right of possession of an equitable estate in the *feme* plaintiff and the defendant Gallop, will support an action for possession, and this, without damages, is the effect of the judgment rendered, it must be sustained.

There is no error entitling the plaintiff to a new trial, nor can he demand judgment upon the verdict. The judgment is affirmed.

No error.                                                    Affirmed.