## BUTTERS v. CARNEY.

### (Circuit Court, D. Nevada. January 4, 1904.)

### No. 757.

1. FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

In ejectment to recover possession of land, including a millsite with the mill thereon, the amount in controversy to sustain federal jurisdiction was not the value of defendant's claim, but was the value of the whole property which plaintiff claimed as described in his complaint.

2. SAME—PLEA IN ABATEMENT—ISSUES.

On a plea in abatement on the ground that the amount in controversy was not sufficient to confer federal jurisdiction, defendant's contention that the dispute involved only his particular interest in certain of the property was unsustainable, since the merits of the case could not be tried on the hearing of the plea.

3. SAME—BURDEN OF PROOF.

In ejectment to recover certain mining land, etc., the burden of proof to sustain a plea in abatement on the ground that the value of the property is insufficient to confer jurisdiction on the federal courts is on the defendant, and must be established by a preponderance of the evidence.

4. SAME—EVIDENCE.

In an action to recover certain mining land and a stamp mill thereon, evidence reviewed, and *held* insufficient to show that the property sued for was not worth $2,000 so as to confer jurisdiction on the federal court.

---

¶ 1. Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

See Courts, vol. 13, Cent. Dig. § 890.

W. E. F. Deal and F. P. Langan, for plaintiff.
Pyne & Mack, for defendant.

HAWLEY, District Judge (orally). This is an action of ejectment to recover possession of about 75 acres of land, including a millsite known as the "Empire State Mill," with a five-stamp mill thereon, and rights appurtenant thereto, alleged in the complaint to be of the value of $2,100. The defendant interposed a plea in abatement to the jurisdiction of the court on the ground that the value of the property does not exceed the sum of $1,000, "and in truth and in fact the value of said property is no greater than the sum of $500." Upon the trial of this plea the defendant introduced evidence tending to show that he did not claim any interest in the water flowing down the canyon to and past the millsite, and had never used said water except by the consent of the plaintiff; that he claimed no interest in the land except the millsite upon which the mill was erected; that he had been misled and deceived in the purchase of the property, and had only obtained a quitclaim deed, when his understanding was that he was to be given a grant, bargain, and sale deed. These matters were wholly irrelevant and immaterial, and did not tend to establish the plea, and the court so stated at the trial. So far as relates to the plea, it is not the value of the defendant's claim that constitutes the amount in controversy, but it is the value of the whole property which plaintiff claims, as described in his complaint. Peeler v. Lathrop, 48 Fed. 780, 786, 1 C. C. A. 93; Lilienthal v. McCormick, 117 Fed. 89, 95, 54 C. C. A. 475. While the rules of this court may permit the filing of a plea in cases of this character, it is not usual so to do. The testimony introduced on behalf of defendant was principally directed to the value of the millsite independent of the water right and other portions of the land described in the complaint and claimed by the plaintiff. The defendant's contention that the matter in dispute in this action is his interest in the millsite cannot be sustained. The merits of the case are not involved in the trial of the plea.

The authorities cited by defendant, viz., Woodside v. Ciceroni, 93 Fed. 1, 35 C. C. A. 177, Smith v. Adams, 130 U. S. 173, 175, 9 Sup. Ct. 566, 32 L. Ed. 895, and South Carolina v. Seymour, 153 U. S. 353, 357, 14 Sup. Ct. 871, 38 L. Ed. 742, were tried upon the merits, and in such cases it is the value "of the property affected," as established by the proofs, that is to be taken into account in establishing the value. In Smith v. Adams, the court said: "By 'matter in dispute' is meant the subject of litigation, the matter upon which the action is brought and issue joined, and in relation to which, if the issue be one of fact, testimony is taken." But here no issue has been joined upon the merits. In Woodside v. Ciceroni the court stated the general rule that the whole property alleged in the complaint must be taken in order to ascertain the value. The consensus of opinion expressed by the witnesses as to the value of the millsite was about $500, and some of them stated that, if the water right was included, the whole value would not exceed $1,000. On the other hand, the three witnesses on behalf of plaintiff testified that, taking into consideration all of the property described in the complaint, they would

consider it to be of the value of from $2,000 to $3,000. The value of the property, as shown by all the testimony, is somewhat of a speculative character, depending to a great extent upon the use to be made of it, and, so far as the millsite is concerned, the opportunities or certainty of obtaining ore and a supply of water. The burden of proof to sustain the plea is cast upon the defendant, and he has not established it by a preponderance of the evidence by proofs such as the law requires in cases of this character.

Judgment on the plea must be entered in favor of plaintiff for his costs.