## LOWENTHAL v. GEORGIA COAST & P. R. CO.

### (District Court, S. D. Georgia.  July 12, 1916.)

1. RAILROADS ⊜⊃205—RECEIVERS—APPOINTMENT—GROUNDS FOR.
   Where a railroad corporation is unable to pay its currently accruing interest, it is actually insolvent, and its property being insufficient security for the mortgage debt, it may be placed in the hands of a receiver.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 673–675; Dec. Dig. ⊜⊃205.]

2. MORTGAGES ⊜⊃407—FORECLOSURE—PROVISIONS RESTRICTING.
   Provisions in a mortgage restricting foreclosure must be strictly construed.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1170, 1171; Dec. Dig. ⊜⊃407.]

3. EQUITY ⊜⊃363—PLEADING—MOTION TO DISMISS—EFFECT OF.
   On motion to dismiss a bill, its averments must be treated as true, the same as in case of a demurrer.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 762–766, 768; Dec. Dig. ⊜⊃363.]

4. RAILROADS ⊜⊃180—FORECLOSURE OF MORTGAGES—ACTION BY TRUSTEE.
   Though a mortgage given to secure an issue of bonds by a railroad company provided that it should not be foreclosed, save on request of one-third of the bondholders, nevertheless, where the company defaulted in payment of interest and the security was in danger, a bondholder may sue to foreclose the mortgage, the trustee refusing to take steps for the protection of the bondholders.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 605–609; Dec. Dig. ⊜⊃180.]

5. RAILROADS ⊜⊃180—FORECLOSURE OF MORTGAGES—CONDITIONS PRECEDENT.
   A mortgage securing railroad bonds provided that bondholders before they could require the trustee to foreclose should offer to indemnify the trustee to its reasonable satisfaction. The railroad company defaulted in payment of interest, and a committee of the bondholders was formed, which committee had powers usurping the functions of a court of chancery in that it was authorized to dispose of the property of the corporation without liability save for bad faith, and to execute obligations which would constitute a prior lien thereon. The committee or any of its members also were authorized to buy in the property of the railroad company. Held, that where the trustee because of the existence of the committee refused to foreclose the mortgage, a suit for the appointment of a receiver to foreclose the mortgage by a bondholder not joining in the arrangement, cannot be dismissed because indemnity was not offered.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 605–609; Dec. Dig. ⊜⊃180.]

6. RAILROADS ⊜⊃180—MORTGAGES—FORECLOSURE.
   A provision in a mortgage securing railroad bonds that a bondholder should not proceed to enforce his equitable right of foreclosure without giving indemnity to the reasonable satisfaction of the trustee is too vague to warrant dismissal of a foreclosure suit by a bondholder who offered no indemnity.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 605–609; Dec. Dig. ⊜⊃180.]

7. RAILROADS ⊜⊃180—FORECLOSURE OF MORTGAGES—CONDITIONS.
   Where the trustee unconditionally refused to foreclose a mortgage, regardless of the giving of indemnity, a suit by the holder of bonds to secure which the mortgage was given, will not be dismissed because he had not

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

offered to furnish indemnity as required, for a person is not required to do a vain thing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 605-609; Dec. Dig. ☞180.]

**8. RAILROADS ☞186—FORECLOSURE OF MORTGAGES—NECESSARY PARTIES.**

Judicial Code, § 50 (Act March 3, 1911, c. 231, 36 Stat. 1101 [Comp. St. 1913, § 1032]), provides that when there are several defendants and one or more of them are neither inhabitants nor found within the district in which suit is brought and do not voluntarily appear, the court may entertain jurisdiction and proceed to trial and adjudication of the suit between the parties who are properly before it, but the judgment or decree rendered shall not conclude or prejudice other parties not regularly served nor voluntarily appearing. Equity rule 39 (198 Fed. xxix, 115 C. C. A. xxix) provides that in all cases when it shall appear to the satisfaction of the court that persons that otherwise might be deemed proper parties cannot be made parties by reason of their being without the jurisdiction, or because their joinder would oust the jurisdiction, the court may, in its discretion, proceed without making such persons parties, but the decree shall not be binding on them. In a suit to foreclose a mortgage given by a railroad company to secure bonds, the complaining bondholder was without the state while the railroad company was a local corporation and its line was within the district. *Held*, that the trustee which was a foreign corporation was not an indispensable party, and as the security was imperiled and the appointment of a receiver was prayed, the case might be proceeded with, though the trustee was not joined.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 615, 616; Dec. Dig. ☞186.]

**9. COURTS ☞328(1)—JURISDICTION—FEDERAL COURTS—AMOUNT IN CONTROVERSY.**

Where a railroad company had for some time defaulted in the payment of interest on its bonds, a suit by a holder of bonds to the value of $6,000 to foreclose a mortgage given to secure the whole issue, which amounted to a very large sum, is one within the jurisdiction of the federal district court, though the amount of the unpaid interest installment on the bonds of complainant did not equal $3,000; the default in the payment of interest rendering the principal due.

[Ed Note.—For other cases, see Courts, Cent. Dig. § 890; Dec. Dig. ☞ 328(1).]

In Equity. Bill by David Lowenthal against the Georgia Coast & Piedmont Railroad Company. On motion to dismiss bill. Motion denied.

C. Henry & R. S. Cohen, of Augusta, Ga., and Max Isaac, of Brunswick, Ga., for plaintiff.

Adams & Adams and Hitch & Denmark, all of Savannah, Ga., for defendant.

SPEER, District Judge. [1] The Georgia Coast & Piedmont Railroad Company is a corporation of this state. Its railway line extends from the port of Brunswick into the interior of the state. The mortgage was made to secure bonds in the amount of about $1,600,000, the proceeds of which were designed for the construction of the defendant's railway lines, depots, etc. About 100 miles of the road have been constructed, and are in actual operation. Lowenthal holds and owns bonds in the amount of $6,000. The interest thereon, maturing in

October of the last year, and in April of this, is in default. The plaintiff has made a demand in writing upon the trustee, the Columbia Trust Company, of New York, requiring it to take immediate action to foreclose the mortgage or deed of trust, to secure the bonds and the interest thereon. The default of the October interest has lasted for more than three months. The railway corporation is alleged to be insolvent, and the bill seeks the appointment of a receiver for the purpose of foreclosing the equity of the bondholders in the property.

"Where a railroad corporation is unable to pay its currently accruing interest, it is actually, as well as technically, insolvent, and its property inadequate security for its mortgage debt, and it may be put in the hands of a receiver." 94 Fed. 276, 36 C. C. A. 242, Central Trust Co. of New York v. Chattanooga R. & C. R. Co. et al. (Owen et al. v. Jones).

The trustee, notwithstanding this demand, has refused to take the action requested. This bill was presented to the court, Judge Speer presiding, when actually in session at Savannah, in the Eastern Division of the Southern District. Its consideration in limine was continued by the court until the next week when the court would be in session in Augusta. At that time, and on the day assigned, a rule nisi was ordered, directing the defendants to show cause at Macon in the Western Division of the district, why the relief sought should not be granted. This rule was duly served, and came on for hearing on the day when it had been assigned. The respondents filed no answer, but relied upon a motion to dismiss the bill. Since then, a highly important amendment was filed, and the defendant has also filed its answer to the rule to show cause. The motion to dismiss is based on the following grounds:

First. That one-third of the persons holding bonds outstanding, secured by the mortgage, had not called upon the trustee to take action to foreclose the same.

Second. That the bill does not show an offer on the part of the plaintiff to indemnify the trustee to its reasonable satisfaction, when the demand for foreclosure was made.

Third. That the trustee was not made a party defendant, although under the allegations of the bill, it is an indispensable party.

Fourth. That the requisite jurisdictional amount, exclusive of interest and costs, is not involved.

[2-4] In Toler v. East Tennessee, Virginia & Georgia Railway Company (C. C.) 67 Fed. 168, Judge Lurton, afterwards Associate Justice, rendering the opinion, declared that:

"If there is any proposition well settled in the courts of the United States, it is that limitations contained in a mortgage, restricting the right of foreclosure, must be strictly construed."

There may be some departure from this rule among the state courts, but in the national courts it is uniform.

The learned circuit judge makes this significant statement:

"If the provisions of the mortgage concerning foreclosure were subject to the construction that they are exclusive of all right to resort to a court of equity, then the mortgage, itself, would be invalid, as intended to oust the

jurisdiction of the courts, which, by a uniform current of authority, cannot be done."

See, also, Guarantee Trust & Safe Deposit Company v. Green Cove Springs & M. R. Company, 139 U. S. 143, 11 Sup. Ct. 514, 35 L. Ed. 116. In that case, and on its last page, Mr. Justice Brown for the court observes:

"We think that such limitations upon the power of the trustee to take legal proceedings to enforce payment of the amount secured, should be strictly construed." "In this case, the condition only relates to the taking possession of the property under the deed of trust, * * * and we think it should not be held to apply to foreclosure proceedings begun in a court of competent jurisdiction to obtain a judicial sale of the property."

Justice Brown, for the unanimous court, continues:

"It is true there is a subsequent provision in the deed of trust, to the effect that neither the whole nor any part of the premises mortgaged shall be sold, under proceedings either at law or equity, for the recovery of the principal or interest of the bonds, it being the intention and agreement of the parties that the mode of sale provided by the mortgage shall be exclusive of all others. This clause, however, is open to the objection by attempting to proceed against a remedy in the ordinary course of judicial proceedings, and oust the jurisdiction of the courts, which, as is settled by the uniform current of authority cannot be done."

The learned justice here cites many authorities.

In that case it appeared in the answer that the mortgage or deed of trust required that 60 per cent. in value of the outstanding bondholders should request the trustee in writing to initiate proceedings, and that no such request was alleged in the bill. The circuit court dismissed the bill, and its decree was, by the Supreme Court, reversed. The conditions in the case before the court are very similar.

In Farmers' Loan & Trust Company v. Northern Pacific Railroad (C. C.) 66 Fed. 174, the rule that, in general, courts can deal with bondholders only through their trustee, is declared to have its exceptions. It is merely a rule of convenience to facilitate the conduct of the suit. It proceeds upon the assumption that the cestui que trust can be fully and freely represented and protected in his rights by the trustee or his representative. A rule of convenience must, however, give way when rights are involved. If it appears that the trustee refuses or neglects to act, or stands in a hostile position, or has assumed a position prejudicial to the interest of the cestui que trust, the rule is put aside and the cestui que trust admitted to represent his right, because in such case the trustee has not or cannot fully and faithfully represent them. See, also, Jones on Corporate Bonds, 338.

The averments of the bill point out that the trustee has both refused and neglected to perform its duty, and such averments, for the purpose of this action to dismiss as in case of a demurrer, must be taken as true.

[5-7] The contention that the bill should be dismissed because it does not show an offer on the part of the plaintiff to indemnify the trustee to its reasonable satisfaction cannot be maintained. It is the prime duty of the trustee to preserve the life of the estate. This is

the security of the plaintiff's bonds. The averments in the bill that no interest has been paid, that the labor, and that its trestle across the Altamaha swamp is in such a precarious condition that the lives of its employés and the traveling public are daily endangered, and that it has utterly failed to provide for its installments of interest, are all to the effect that this primal duty has been ignored. Also for the purposes of this motion these averments must be taken as true.

In addition to this, the agreement between certain bondholders and certain persons who call themselves "The Committee," to an astonishing extent, usurps the power of a court of chancery, to protect and in proper case to administer the property pledged as security. It provides for a sale of the property at a price to be fixed by the committee. It provides that the committee, or any member, may buy it in, and obtain the absolute title. It authorizes the committee to place any liens upon the property, superior in priority to the claim of the bondholders, and to fix the degree of the priority of such liens inter sese, to issue receivers' certificates, to fix their own compensation and that of their counsel and employés, and pay it out of any cash or any values on hand, to penalize the bondholders who do not enter into the agreement, and to do many other things equally astonishing when considered in the light afforded by the principles of equity. In other words, it completely eliminates the powers which the court exercises in chancery under such conditions, conferring them upon what is termed "The Committee," which, itself, is relieved from all liability except for positive malfeasance. A copy of this agreement is attached to the amendment, and again, for the purposes of this motion, it must be considered as genuine.

The further contention that the bill should be dismissed because no indemnity has been offered the trustee to its reasonable satisfaction also cannot prevail. In the present status of the record the court cannot discover that the trustee has been endangered or made subject to loss because the bill has been filed. The court will not require the suitor apparently entitled to relief to do an idle thing. Besides, the stipulation, that the bondholder shall not proceed to enforce his equitable right without giving indemnity to the reasonable satisfaction of the trustee, is a stipulation too vague and indefinite to oblige the court to imperatively refuse the plaintiff the opportunity to be heard.

Besides, the trustee has refused the demand of the plaintiff that it proceed to foreclose, not because there was offer of indemnity, but because it did not mean to foreclose, and because it had assumed a duty conflicting with foreclosure. Cochran v. Pittsburg, S. & N. R. Co. et al., 150 Fed. 682, decision of Judge Hazel. The plaintiff, therefore, cannot be called upon to indemnify the trustee for an act which the latter had no intention to perform. Had the trustee proceeded to foreclose, pursuant to the demand of the plaintiff, he might with greater show of right have called for indemnity; but surely the plaintiff will not be required to indemnify it for what it declares it will not do. The case of Linder v. Hartwell (C. C.) 73 Fed. 320, also is authority to negative the contention that the bill cannot be maintained, unless two-thirds of the bondholders authorize a foreclosure. Since a large majority, as it appears from the pleadings, have deposited their bonds

with the trustee as depositary, this contention of superiority would wholly close the door of the court to the minority bondholders whatever their rights.

[8] The contention that the bill must be dismissed because the trustee is not made a party defendant is equally unfounded. The trustee is a corporation and a citizen of New York. It is not found in this district, and does not voluntarily appear. But the railway property is here, and to this the lien and mortgage securing plaintiff's bonds inheres. Here, also, is the defendant corporation a corporation of this state.

In such cases, the court may entertain jurisdiction and proceed to the trial and adjudication of the suit between the parties who are properly before it, but the judgment and decree rendered therein shall not conclude or prejudice other parties not legally served with process, nor voluntarily appearing to answer. A nonjoinder of parties who are not inhabitants of nor found in the district as aforesaid shall not constitute matter of abatement or objection to the suit. Judicial Code, § 50.

The rule in equity, No. 39 (198 Fed. xxix, 115 C. C. A. xxix) also negatives the contention. It provides that in all cases where it shall appear to the court that persons that might otherwise be deemed proper parties to the suit cannot be made parties by reason of their being without the jurisdiction of the court, or incapable otherwise of their being made parties, or because this joinder would oust the jurisdiction of the court as to parties before it. The court may in its discretion proceed in the cause, without making such persons parties, and in such cases the decree shall be without prejudice to the rights of the absent parties. Thus Congress has taken action to remove the obstacle in the way of the plaintiff and the court which this motion to dismiss seeks to introduce.

Obviously, to join the trustee as a party, as a citizen of another state, at this time, when it cannot be served, would be to hazard the jurisdiction of the court, to grant the preliminary relief now sought. While the trustee may be a proper party, and may be heard as to any right it may set up, it is clearly not an indispensable party to this application.

[9] Nor can the court assent to the proposition that there is here involved less than the amount necessary to give us jurisdiction. True, only four installments of interest are due, but the principal on which the interest was in default is also in grave hazard. The plaintiff owns bonds secured by the mortgage in the amount of $6,000. The mortgage itself is intended to secure a much greater amount. The railway property, which is pledged to secure the debt, is also involved. This question is determined adversely to the motion to dismiss in Edwards v. Bates County, 163 U. S. 269, 16 Sup. Ct. 967, 41 L. Ed. 155, opinion by Mr. Justice White. See, also, Barry v. Edmunds, 116 U. S. 560, 6 Sup. Ct. 501, 29 L. Ed. 729; Wilson v. Daniel, 3 Dall. 401–407, 1 L. Ed. 655; Smith v. Greenhow, 109 U. S. 669, 3 Sup. Ct. 421, 27 L. Ed. 1080.

The amount in the controversy here is not only the unpaid coupons of interest, but the amount of the plaintiff's bonds, the security of

which, if the averments of the bill are true, which is of large value, is in imminent hazard.

It follows that in view of the considerations here stated, the motion to dismiss the bill, on all grounds, must be overruled and denied. An order may be taken to that effect.