Gusweiler, J.
This is an action for an injunction under Section 8673, General Code, ashing for a mandatory order to inspect the books, records, etc., of the Auto Remedy Company by the plaintiff, a stockholder in the defendant corporation.
*40 The defendant corporation answers alleging bad faith, etc., on the part of plaintiff stockholder in his desire for said inspection. The issue is on the motion of defendant for judgment on the pleadings. The plaintiff contends that he is not required to reply or controvert the allegation of “bad faith,” etc., and that defendant’s answer should be disregarded as not setting up a legal defense.
The language of the statute is plain and the right given the stockholder to inspect the books and records of the corporation at all reasonable times is clear. One condition, and one only, is attached, to-wit, that the right can be exercised only at reasonable times. The motive or purpose of the party who is in the exercise of or is about to exercise a clear legal right, is unimportant. Letts v. Kessler, 54 Ohio St, 73; McDonald v. Smalley, 26 U. S. (1 Pet.), 620 [7 L. Ed., 287], No reason is apparent why the rule should not apply in the instant case. We are of the opinion that when a suitor demands the enforcement of a clear right given him by law, whether the remedy be legal or equitable, his motive for such action is not a proper subject for judicial investigation. Cincinnati Volksblatt Co. v. Hoffmeister, 62 Ohio St., 189: American Shipbuilding Co. v. Whitney, 19 C. C. (N.S.), 584; Mitchell v. Rubber Reclaiming Co. (N. J. Eq.), 24 Atl., 407. The petition states a cause of action not denied by the defendant warranting the granting of equitable relief.
A proper order will be allowed.
Pugh, J., and Merrell, J., concur.