### PETERSON et al. v. SUCRO.
### No. 4198.

Circuit Court of Appeals, Fourth Circuit.
Jan. 4, 1938.

W. D. Pruden, of Edenton, N. C., and W. A. Worth, of Elizabeth City, N. C. (Worth & Horner, of Elizabeth City, N. C., on the brief); for appellants.

P. W. McMullan and John H. Hall, both of Elizabeth City, N. C., for appellee.

Before PARKER and SOPER, Circuit Judges, and McCLINTIC, District Judge.

PARKER, Circuit Judge.

This is an appeal by defendant from a judgment for plaintiff in an action instituted to try title to land. While the relief prayed in the complaint is the removal of an alleged cloud from title, there is no allegation of possession on the part of plaintiff and there is allegation of acts of possession on the part of defendants. The case was docketed as an action at law and, upon defendants pleading title in themselves, was tried as an action in ejectment pursuant to the North Carolina practice. See Wood v. Phillips, 4 Cir., 50 F.2d 714; Hines v. Moye, 125 N.C. 8, 34 S.E. 103.

Plaintiff, a resident of Maryland, is one of the heirs at law of H. T. Greenleaf, deceased, to whom the land in question was granted by the state of North Carolina in the year 1903. The other heirs at law, her eight brothers and sisters, most of whom are residents of North Carolina, have conveyed to her their respective interests in the land by deeds of bargain and sale with full covenants of warranty, in consideration of her executing to each of them her nonnegotiable note in the sum of $500 secured by deed of trust on the land. Some time after these conveyances were executed, plaintiff instituted this action against the defendants alleging that they were asserting claims to various portions of the land, that one of them had constructed a building upon it, and that deeds which they had executed among themselves and a plat which they had caused to be recorded constituted a cloud upon her title. Motions were made by defendants to dismiss on the ground that the conveyances to plaintiff by the other heirs at law of Greenleaf were not made in good faith, but solely for the purpose of creating the appearance of diversity of citizenship, that the jurisdictional amount was not involved, and that indispensable parties had not been joined. These motions were overruled and the cause

was heard on the merits before a special master or referee, to whom it was referred over the objection of defendants.

The special master filed a report finding title to be in plaintiff, to which defendants filed a number of exceptions. In filing these they asked that decree be entered in their favor, but demanded a jury trial on the issues of fact involved if the court should not grant the decree on their exceptions as prayed. The court overruled the exceptions, denied the request for jury trial, and entered judgment for plaintiff, finding that she was the owner of the land in question, that a prior grant relied on by defendants had not been properly located, and that defendants were estopped from making claim to any land within the boundaries of the Greenleaf grant by the conduct of their predecessor in title in pointing out his boundaries at the time the survey was made for the entry under which that grant was issued. The questions raised by this appeal relate to the refusal to dismiss the action for lack of jurisdiction, to the refusal to grant a jury trial, and to the holdings of the trial judge upon which title was found to be in plaintiff, i. e., the holdings with respect to failure of defendants to locate the prior grant and the estoppel arising out of the conduct of their predecessor in title.

On the question of jurisdiction, defendants make three contentions: (1) That the conveyances to plaintiff by her brothers and sisters were not made in good faith, but solely for the purpose of placing all of the interests of the real parties plaintiff in one who was not a resident of North Carolina to the end that she might sue in the federal courts, and that, when these conveyances are disregarded, the suit must be dismissed for failure to join all persons having an interest in the land; (2) that, at all events, the resident noteholders and the trustee under the deed of trust securing same are indispensable parties, and that failure to join them defeats the jurisdiction; and (3) that the jurisdictional amount is not involved both because the defendants claim distinct portions of the property and because the interest of plaintiff is mortgaged and its value is not shown to exceed $3,000 above the amount of the mortgage.

As to the first of the contentions, the court below found that the conveyance to plaintiff from her brothers and sisters was executed in good faith; and we find nothing in the record to justify a contrary conclusion. There is nothing to show that an

absolute conveyance to plaintiff was not intended, that any right in the land conveyed was reserved to the former owners or that there was any understanding or agreement that the property was to be reconveyed to them in the event of a recovery by her or upon any other contingency. The fact that the deeds to plaintiff contain covenants of warranty and that the notes are nonnegotiable might, it is true, enable plaintiff to offset any damages arising from breach of the covenants in the deeds against her liability on the notes. This, however, does not indicate any lack of good faith in the conveyances to her, but, at the most, merely an intention on her part to protect herself against possible failure of title in the interests conveyed.

The fact that the result of the conveyances to plaintiff was to enable her to bring suit in the federal court is immaterial, if the title was in reality and in good faith conveyed to her. McDonald v. Smalley, 1 Pet. 620, 7 L.Ed. 287; Barney v. Baltimore, 6 Wall. 280, 288, 18 L.Ed. 825; Crawford v. Neal, 144 U.S. 585, 12 S.Ct. 759, 36 L.Ed. 552; Slaughter v. Mallett Land & Cattle Co., 5 Cir., 141 F. 282; Irvine Co. v. Bond, C.C., 74 F. 849; Woodside v. Ciceroni, 9 Cir., 93 F. 1; Ashley v. Board of Supervisors, 6 Cir., 83 F. 534; Simpkins Federal Practice, Rev.Ed., p. 313. Such a case is to be distinguished from one where the conveyance is fictitious or colorable, the assignor or grantor remaining the real owner of the property. Maxwell's Lessee v. Levy, 2 Dall. 381, Fed.Cas.No.9,321, 1 L.Ed. 424; Smith v. Kernochen, 7 How. 198, 216, 12 L.Ed. 666; Jones et al. v. League, 18 How. 76, 15 L.Ed. 263; Farmington v. Pillsbury, 114 U.S. 138, 5 S.Ct. 807, 29 L. Ed. 114; Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444. Here, as a result of their conveyances, the brothers and sisters of plaintiff have no further interest in the property which is the subject-matter of the litigation; and this, we think, is determinative.

And it is clear that the noteholders and the trustee under the deed of trust securing same are not indispensable parties whose absence will defeat the jurisdiction. While they are no doubt proper parties, a final judgment or decree can unquestionably be rendered between the other parties to the cause without directly or injuriously affecting their interests, and, as their presence would have the effect of defeating the jurisdiction of the court, the cause may proceed without them. Cobb v. Interstate Mortgage Co., 4 Cir., 20 F.2d 786, 790. The rule applicable was thus stated by the late Judge Walter H. Sanborn in Silver King Coalition Mines Co. v. Silver King Consolidated Mining Co., 8 Cir., 204 F. 166, 169: "An indispensable party is one who has such an interest in the subject-matter of the controversy that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. Every other party who has any interest in the controversy or subject-matter which is separable from the interest of the other parties before the court, so that it will not necessarily be directly or injuriously affected by a decree which does complete justice between them, is a proper party to a suit. But he is not an indispensable party, and if his presence would oust the jurisdiction of the court the suit may proceed without him." And see Lowenthal v. Georgia Coast & P. R. Co., D.C., 233 F. 1010; Brown v. Crawford, D.C., 252 F. 248; West v. Randall, Fed.Cas. No.17,424; Norfolk Southern R. Co. v. Stricklin, D.C., 264 F. 546; City of Denver v. Mercantile Trust Co., 8 Cir., 201 F. 790; Lawrance v. Southern Pac. Co., C.C., 165 F. 241.

But there is another and equally conclusive reason why the noteholders and trustees under the deed of trust need not be joined as parties. Under the Conformity Act, 28 U.S.C.A. § 724, the local law governs as to who are necessary parties in law actions. Albany & Rensselaer Iron & Steel Co. v. Lundberg, 121 U.S. 451, 7 S.Ct. 958, 30 L.Ed. 982. As heretofore stated, the action is one at law, being in effect an action in ejectment to try title to land; and it is well settled under the law of North Carolina that a mortgagee or trustee under a deed of trust is not a necessary party to such an action instituted by the mortgagor. Watkins v. Kaolin Mfg. Co., 131 N.C. 536, 42 S.E. 983, 60 L.R.A. 617; Graves v. Trueblood, 96 N.C. 495, 1 S.E. 918; Taylor v. Eatman, 92 N.C. 601, 602; Condry v. Cheshire, 88 N.C. 375; Farmer v. Daniel, 82 N. C. 152, 153; Murray v. Blackledge, 71 N. C. 492.

On the question as to jurisdictional amount, the allegations of the complaint show that the defendants claim under a common source of title and that the value

of the property in dispute is in excess of $3,000; and this is admitted in the answer. Not only is there no showing that any of the shares of defendants is of less value than $3,000, but it also appears that they admit claiming under a common source and that they are making a common defense. There would seem to be no ground, therefore, for raising the question as to jurisdictional amount. A plaintiff cannot, of course, invoke the federal jurisdiction where the requisite jurisdictional amount must be obtained by joining in one action separate claims against two or more defendants. Stemmler v. McNeill, C.C., 102 F. 660; Walter v. Northeastern R. Co., 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206. But ordinarily in suits to quiet title or actions in ejectment, "the amount in controversy is the value of the whole of the real estate to which the claim extends and not the value of defendant's claim." Hughes Federal Practice, vol. 1, p. 325; Cyclopedia of Federal Procedure, vol. 1, p. 314; 15 C. J. 760-762; Woodside v. Ciceroni, 9 Cir., 93 F. 1; Connecticut General Life Ins. Co. v. Weldon, D.C., 246 F. 265, 267; Butters v. Carney, C.C., 127 F. 622; Cowell v. City Water-Supply Co., 8 Cir., 121 F. 53; Greene v. City of Tocoma, C.C., 53 F. 562; Lehigh Zinc & Iron Co. v. New Jersey Zinc Co., C.C., 43 F. 545. And this rule clearly applies to a case such as this, where defendants are in privity claiming under a common source of title and making a common defense, with the result that the claim of plaintiff is disputed by all of the defendants as to the entire property in controversy.

█ And the jurisdiction is not affected by the amount of the outstanding mortgage, since it is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction. 15 C.J. 760; Black v. Jackson, 177 U.S. 349, 356, 20 S.Ct. 648, 44 L.Ed. 801; Smith v. Adams, 130 U.S. 167, 175, 9 S.Ct. 566, 32 L.Ed. 895; Woodside v. Ciceroni, supra; Greenfield v. U. S. Mortgage Co., C.C., 133 F. 784. Here the controversy concerns the ownership of the land involved, not merely plaintiff's equity of redemption therein; and the value of the land thus in controversy is, of course, not affected by the existence of the debt secured by the deed of trust. It is clear, therefore, that the motion to dismiss was properly denied.

█ But we think that the judge below was in error in denying defendants a trial by jury. Counsel for plaintiff properly concede that, although in form a bill to remove cloud from title, the proceeding was in reality an action at law. Wood v. Phillips, supra. Defendants were entitled to trial by jury, therefore, unless jury trial was waived. There was certainly no waiver in the manner which the federal statute prescribes, i. e., "by a stipulation in writing filed with the clerk or by an oral stipulation made in open court and entered in the record." See 28 U.S.C.A. § 773. And there was no attempt at compliance with rule 12 of the District Court, which provides for waiver of jury trial and reference by consent. On the contrary, the defendants excepted to the order of reference when it was made and, when filing exceptions to the report of the master, demanded a jury trial upon the issues of fact if their request for decree upon their exceptions should be denied.

It is argued that the filing of exceptions and request for decree by the judge amounted to waiver of the right of jury trial; but we do not think that such waiver can be implied when the request for decree was coupled, as it was, with a demand for jury trial in the event it should be denied. The situation is analogous to that presented where both sides move for a directed verdict but one of them asks that the issues be submitted to the jury if his motion is denied. In such case, it is well settled that he does not waive the right to go to the jury by joining in the motion to the court. Encyclopedia of Federal Procedure, vol. 4, p. 929; Barrett v. Virginian R. Co., 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092; Empire State Cattle Co. v. Atchison, T. & S. F. R. Co., 210 U.S. 1, 28 S.Ct. 607, 52 L.Ed. 931, 15 Ann.Cas. 70.

As the case must go back for trial before a jury, we shall not discuss the questions of fact presented by the other exceptions.

Reversed.