**Sue Bain GROVES and Republic National Bank of Dallas, Independent Executors of the will of Erin Bain Jones, Plaintiffs-Appellants,**

v.

**H. Lang ROGERS, Defendant-Appellee.**

No. 76–2859

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

James L. Drought, San Antonio, Tex., for plaintiffs-appellants.

John R. Locke, Jr., San Antonio, Tex., Herbert C. Petry, Carrizo Springs, Tex., for defendant-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

This action was brought in federal court under its diversity jurisdiction by plaintiff-appellants, Sue Bain Groves, a citizen of Texas, and the Republic National Bank of Dallas, a corporation having its principal place of business in Texas, as co-executors of the Will of Erin Bain Jones. Appellants are seeking to recover possession of land and damages from defendant-appellee, H. Lang Rogers, a citizen of Missouri. The issue upon appeal is whether the diversity jurisdiction of the federal court could be properly invoked; that is, the amount in controversy exceeds $10,000, exclusive of interest and costs, and diversity between parties exists as required by 28 U.S.C. § 1332. In determining the amount in controversy the district court included the requested monetary damages[1] but not the value of the property in question. Appellants appeal the court's decision to exclude the property value from the amount in controversy and its subsequent dismissal of the action for lack of subject matter jurisdiction. For the following reasons, we affirm.[2]

This action stems from a boundary line dispute between the late Erin Bain Jones and the appellee. Each held record title to adjacent parcels of land in Texas. (We designate the parcel owned by Jones, and subsequently his estate, as Tract A and the parcel owned by appellee as Tract B.) In addition to appellee, other parties hold interests in Tract B which include a divided interest in the surface estate, grazing leases, and oil and gas leases. These other parties include Sabine Royalty Corporation, a company incorporated under the laws of and doing business in the State of Texas.

The boundary line between Tracts A and B has long been in dispute. In January, 1974, appellee moved the fence then at the purported boundary to another location pursuant to a survey ordered by appellee. The fence's relocation added 56 acres to appellee's Tract B.

The proceedings below were initiated by a complaint and subsequently an amended complaint in which appellants requested possession and title to the 56-acre area in dispute. Appellee filed a motion to dismiss on the grounds that under Rule 19 of the Federal Rules of Civil Procedure appellants failed to join indispensable parties and if joined those parties would destroy the diversity between plaintiffs and defendants. Appellants filed a second amended complaint with their response to the motion deleting the prayer for title and seeking injunctive relief and damages. The court below dismissed the action because the amount in controversy was insufficient to invoke federal court jurisdiction. A motion to alter judgment was subsequently filed by appellants with a third amended complaint, however, upon consideration, the district court affirmed its order of dismissal. It is that dismissal that appellants have appealed to this court.

---

1. It is undisputed that the requested monetary damages are less than $10,000.

2. Pursuant to Local Rule 18 of the Fifth Circuit this case is herein decided without oral argument. See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 431 F.2d 409 (5th Cir. 1970).

■ The facts indicate this is really a title dispute and the Supreme Court of Texas has decided that ". . . the issue of ownership which includes boundary disputes between adjacent landowners could not be decided by a suit to enjoin the erection of a fence but should be adjudicated in a suit for trespass to try title." *Frost v. Mischer*, 463 S.W.2d 166, 168 (Tex.1971). If suit had been brought to try title (as it originally was) as required under *Frost* the value of the property in question would as a matter of law be included in determining the amount in controversy under 28 U.S.C. § 1332. *Butters v. Carney*, 127 F. 622 (Nev. Cir. 1904); *Peterson, et al. v. Sucro*, 93 F.2d 878 (4th Cir. 1938). However, in this case if appellants had continued their suit for trespass to try title, diversity jurisdiction would have been extinguished for the following reason: Under the Federal Rules of Civil Procedure, Rule 19(a), an indispensable party shall be joined in an action if ". . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest." See *Hilton v. Atlantic Refining Company*, 327 F.2d 217 (5th Cir. 1964). In this case ownership of the mineral estate is shared by appellee, Sabine Royalty Corporation, and two others. As mentioned above, Sabine Royalty Corporation is a Texas corporation and as an indispensable party its joinder in the action would destroy the diversity between the parties.[3] For this reason, the trial judge would have to dismiss for lack of subject matter jurisdiction.

■ Appellants, in a deliberate attempt to avoid the diversity problem, dropped the suit for trespass to try title. In so doing they have reduced the amount in controversy to below that mandated by the statute. This attempt to invoke federal court jurisdiction is futile because none exists. For the above reasons we affirm the decision of the Court below.

---

3. See *Ward v. Louisiana Wild Life and Fisheries Commission*, 224 F.Supp. 252 (E.D.La.1963) aff. 347 F.2d 234 (5th Cir. 1965).

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.