**ZURICH AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**INTEGRAND ASSURANCE COMPANY, Ultrapure Systems, ABC and XYZ Insurance Companies, Defendants.**

Civ. No. 01–1269CCC.

United States District Court, D. Puerto Rico.

Oct. 25, 2001.

David C. Indiano, Indiano Williams & Weinstein-Bacal, San Juan, PR, for plaintiff.

Mario R. Oronoz–Rodriguez, Hato Rey, PR, for defendant.

## JUDGMENT

CEREZO, District Judge.

This action, before us pursuant to our diversity jurisdiction, 28 U.S.C. § 1332, arises from the collapse of a construction crane, thereby causing damage to a building at Pharmacia & Upjohn's facilities in Barceloneta, Puerto Rico. As a result of the accident, plaintiff Zurich American Insurance Company (Zurich) paid $3,378,839.00 as indemnification to its insured. Zurich filed this suit in subrogation of Pharmacia & Upjohn, in order to collect for the damages from the allegedly responsible parties.

■ The original suit before us was filed for the full amount. Since the time of that filing, plaintiff has settled with all defendants except Ultrapure Systems (Ultrapure). The remaining amount to be recovered is $48,839.00. Before the court is a Ultrapure System's Motion to Dismiss for Lack of Jurisdiction (**docket entry 13**), which is based upon the premise that the remaining amount of the claim does not meet the jurisdictional amount of $75,000.00 required by 28 U.S.C. § 1332. Plaintiff opposed the motion (**docket entry 16**), correctly noting that the "critical time for determining the existence *vel non* of the amount in controversy is the inception of the suit, i.e., the time of filing." *See Corrada Betances v. Sea Land Service, Inc.,* 248 F.3d 40, 45 (1st Cir.2001); *Nieves–Domenech v. Dymax Corporation,* 952 F.Supp. 57, 66 (D.P.R.1996).

The case before us, however, is remarkable in that, after settling for $330,000.00 from Universal Insurance Company and on behalf of Abel Santiago, Zurich amended its complaint. Eliminating the defendants with which it had settled, the amended complaint seeks damages for only the $48,839.00 allegedly owed by Ultrapure and its insurer.

■ An amended pleading supersedes the original, which is treated thereafter as non-existent. *Dynamic Image Technologies, Inc. v. United States,* 221 F.3d 34, 39 (1st Cir.2000). *See also, Young v. City of Mount Ranier,* 238 F.3d 567 (4th Cir.

2001); *In Re Crysen/Montenay Energy Co.*, 226 F.3d 160 (2nd Cir.2000). Therefore, this amendment had the effect of creating an action claiming an amount less than $75,000 and thus depriving us of jurisdiction over this matter. *See e.g., Groves v. Rogers*, 547 F.2d 898 (5th Cir.1977) [suit dismissed where plaintiffs amended to eliminate a claim for trespass to try title resulted in a reduction of the amount in controversy to below that mandated by statute.] Accordingly, the Motion to Dismiss is GRANTED and this action is DISMISSED.

SO ORDERED AND ADJUDGED.